2  173
92 526

SAMUEL CONRAD, Respondent, *v.* THOMAS M. LINDLEY and LUCIUS A. BOTH, Appellants.

The Court should give or refuse instructions to the jury as asked for, and though they may modify the phraseology so as to make it more intelligible, they cannot alter the sense.

A party seeking to enforce specific performance of a contract, must show that he has acted in good faith.

A party entering upon land, under an agreement to purchase, and afterwards abandoning the purchase, disclaiming the title of the vendor, forfeits the benefit of the agreement, and cannot, on subsequently tendering the purchase money, claim a specific performance.

APPEAL from the Sixth Judicial District, Sacramento County.

On the 26th of July, 1850, Conrad filed his complaint against Lindley & Booth, stating, that in October, 1849, by a parol contract between the parties, the plaintiff purchased of the defendants a certain lot in Sacramento, for the sum of $400, payable on the execution and delivery of a conveyance; and the defendants agreed to convey the lot to the plaintiff, with warranty, so soon as they should perfect their own title by procuring a conveyance to themselves from one Sutter; that in pursuance of said contract, and by direction of the defendants, the plaintiff took possession of the lot, and still retains it, and has made improvements thereon, &c.; that in April, 1851, the plaintiff demanded a conveyance, and tendered the purchase money; but the defendants not having obtained a conveyance from Sutter, were unable to convey to the plaintiff; that the plaintiff then

paid to the defendants $100, for which they gave the plaintiff a promissory note, payable on demand, with an understanding that it should be applied in part payment of the purchase money, in case the defendants should perfect their title and execute a conveyance to the plaintiff; that on the 10th of June, 1850, the defendants obtained a conveyance from Sutter;—shortly after which, the plaintiff demanded a conveyance of the defendants, and tendered them the $100 note, and $300, the residue of the purchase money, which they refused; that the defendants had instituted an action of forcible entry and unlawful detainer to recover the lot from the plaintiff, which action was still pending, &c. The complaint contained an offer to pay the purchase money—prays that the defendants be enjoined from prosecuting their suit, and decreed to convey the lot to the plaintiff; and for general relief. An injunction was issued: and the defendants filed their answer, without oath, denying generally the allegations of the complaint.

The cause was first tried by the Court, without a jury; and the Court found for the defendants. A new trial was granted on payment of costs: and the cause was again tried by a jury. A great deal of testimony was adduced; but it is not deemed necessary to state it in detail. It seems that by the contract, the plaintiff was to pay the purchase money at the expiration of three months from the purchase; and that a difficulty having occurred in perfecting the defendant's title, the $100 note was given as stated in the complaint. The defendants insisted that the plaintiff had forfeited the contract by failing to make payment; and also by disclaiming the defendant's title, and asserting an intention to hold the lot as a squatter. Exceptions were taken by the defendants to the ruling of the Court as to various instructions given and refused; but it is only necessary to notice the following. The defendants asked the Court to instruct the jury, "that the plaintiff cannot demand a specific performance of the conveyance from the defendants, unless he now possesses and has acted in entire good faith; and the burthen of proof rests on him to show that he has thus acted." The Court struck out of this charge all after "defendants," and substituted, "if he has been guilty of gross negligence." The defendants excepted.

The jury found for the plaintiff: and the Court rendered

judgment, directing the defendants to execute a conveyance by a certain day, or in default thereof, that the clerk of the Court should convey to the plaintiff all the right, &c., of the defendants in the lot; and that the plaintiff recover his costs, &c.

*Thomas* and *Morse*, for the appellants.

*Shattuck* and *Baine*, for the respondents.

Chief Justice MURRAY delivered the opinion of the Court. The defendant undertook to convey a lot in the City of Sacramento to the plaintiff as soon as he could complete the title in himself. The plaintiff paid $100 of the purchase-money, and entered into possession, with the understanding that he would pay the remainder whenever the defendant executed a deed to him. The evidence shows that the defendant afterwards acquired the title, and offered to convey. There was some difficulty between the parties, the plaintiff declaring he intended to hold by a squatter's title, and that he would not recognize the defendant's title. An action of forcible entry and unlawful detainer was instituted by the defendant to recover possession of the lot; after the commencement of which, the plaintiff made a tender of the purchase-money, demanded a conveyance, and brought this action to enforce a specific performance. On the trial of the cause, the defendant's counsel asked the Court below to instruct the jury that "the plaintiff could not demand a specific performance of the conveyance from the defendant unless he then possessed and had acted in entire good faith; and that the burthen of proof rested upon the plaintiff to show that he had thus acted." The Court refused to give the instruction as asked for, but amended it by striking out all after the word defendant, and inserting, "if he has been guilty of gross negligence." In view of the whole case, the instruction was proper, and should have been given as asked for. There was testimony before the jury, conflicting, it is true, which went to establish the fact that the plaintiff had abandoned the purchase, and claimed in his own right, by a title adverse to the defendant. He was asking for the interposition of a court of equity, and it was incumbent upon him to establish that, not only his possession, but all his conduct in relation to the purchase, was in good faith. In other words, to entitle him to relief, he was compelled to show that he came into

Court with clean hands. This was a question of fact, to be determined by the jury. The amendment, if it mean any thing, amounts to this; that the plaintiff was not entitled to relief if he had been guilty of gross negligence; that is, in tendering the purchase-money, and demanding a deed, leaving the question of bad faith entirely aside; for it will hardly be contended that the jury understood the words "gross negligence," used by the Court, as raising a presumption of fraud in retaining the possession. We have heretofore held that the Court must give or refuse the instruction as asked for. They may modify the phraseology so as to render it more intelligible to the jury, but cannot alter the sense. The practice of substituting the instructions of the Court for those asked by counsel is a dangerous one, giving rise to many perplexing difficulties; and has before been animadverted on by us.

Judgment reversed, with costs; and new trial awarded.