## T. P. JAMSON, Respondent, v. PETER QUIVEY, Appellant.

A Court must give or refuse the instructions asked for. It may modify the phraseology, so as to render it more intelligible to the jury, but cannot alter the sense.

APPEAL from the District Court of the Third Judicial District, Santa Clara County.

The opinion of the Court contains the facts.

*Wallace & Ryland,* for Appellant.

Argued that the Court must give an instruction as requested, and cited Conrad v. Lindley, 2 Cal., 173. Russell v. Amador, 3 Cal., 400.

*L. Archer*, for Respondent.

No brief on file.

TERRY, J., delivered the opinion of the Court. HEYDENFELDT, J., and MURRAY, C. J., concurred.

This is an action in assumpsit. The declaration contains two counts, which set out the same indebtedness in different forms. In the first count, plaintiff admits that the defendant is entitled to a credit of $800, for two lots sold to the plaintiff, and further credit of $156, money advanced. The second count also refers to said payments as having been made by defendant.

On the trial, defendant asked the Court to charge the jury—"That the plaintiff in the first count of his declaration, admits that defendant is entitled to a credit of $800, for two lots sold by defendant to plaintiff, and the plaintiff is estopped to deny the facts, and the jury in making up their verdict should allow the defendant $800, for the sale of said lots." The Court refused to give the instruction as asked, and the refusal is assigned as error.

We have frequently decided, that the Court must give or refuse the instructions as asked for. They may modify the phraseology, so as to render it more intelligible to the jury, but cannot alter the sense. See Conrad *v.* Lindley, 2 Cal., 173, and Russell *v.* Amador, 3 Ib., 400.

The instruction asked by the defendant was proper, and should have been given as asked. The substitute given by the Court, differed materially from the instruction asked by the defendant, and was calculated to prejudice his rights.

The judgment is reversed, with costs, and the cause remanded.