## MEADOR *v.* PARSONS *et al.*

AN equitable defense may be be set up to an action of ejectment, but all the elements going to constitute such a defense, as against the legal title, must be distinctly set up and proved.

As the findings in this case—ejectment, with an equitable defense imperfectly set up, tried by the Court—do not distinctly find such facts as show defendants' equity as against plaintiff's claim, the judgment for plaintiff is affirmed.

APPEAL from the Third District.

Ejectment for a tract of land forming a portion of the Rancho Refugio in Santa Cruz county.

The complaint averred title in plaintiff and ouster by defendants

in January, 1860. Defendant Parsons, as to whom alone there is any controversy, filed an answer which, after a general denial, averred: 1st, ownership and exclusive possession in defendant from Nov. 25th, 1852, of a certain described forty acres of the premises claimed in the complaint, under deed of that date to defendant from José Bolcoff, Maria Candida Bolcoff, Juan Bolcoff and Francisco Bolcoff; 2d, that defendant is owner and in possession of certain other forty acres of the premises claimed by title deraigned thus; that José Bolcoff, Maria Candida Bolcoff and Juan Bolcoff, Nov. 6th, 1852, sold and conveyed by deed to Alfred Baldwin and John Ramsay eighty acres of the Rancho Refugio, which eighty acres embrace the second forty acres above named; that the Bolcoffs in said deed covenanted to execute and deliver to Baldwin and Ramsey a good and sufficient deed for said eighty acres within one month from the confirmation of their, the Bolcoffs', title to said Rancho by the United States Land Commissioners; that said Baldwin and Ramsay on said sixth of November, 1852, under said deed entered into possession of the forty acres now claimed by defendant, with the knowledge and consent of the Bolcoffs and plaintiff, and remained in the quiet and peaceable possession thereof until the eighteenth day of October, 1853, when they sold and conveyed the same to defendant, and also sold and assigned to defendant, his heirs and assigns, the bond or covenant of the Bolcoffs to execute a deed after confirmation of their title as aforesaid, which deed and assignment were both on the same day duly recorded; that on said eighteenth day of October, 1853, defendant, with the knowledge and consent of said Bolcoffs and plaintiff, entered into possession of said forty acres under said deed and assignment, and has remained in quiet possession to the present time; that on the first day of December, 1854, the four Bolcoffs before mentioned sold and conveyed to defendant by their joint deed, all their interest in the premises, which deed was duly recorded on the seventh of the same month; that said Bolcoffs were at the time of the several conveyances aforesaid owners in fee and in possession of the lands thereby conveyed; that defendant is a purchaser in good faith and for a valuable consideration, and has put thereon valuable improvements amounting to $4,000. Prayer for judgment that the suit be

dismissed, and that in case plaintiff be adjudged the owner of the premises, defendant have judgment against plaintiff for the value of the improvements, and for such other relief as may be equitable and just.

The case was tried by the Court and the following facts found:

1. That on the twenty-first day of January, 1851, José Bolcoff was seized in fee and in possession of the Rancho Refugio, of which the premises in controversy are part.

2. That on that day said José executed to plaintiff a mortgage upon one league square of the Rancho Refugio, embracing the premises in controversy, to secure the payment of $4,600 with interest at five per cent. per month, money then due plaintiff from said José—the mortgage being acknowledged and recorded in February, 1851.

3. That on October 8th, 1851, said José Bolcoff conveyed to Juan and Francisco Bolcoff all his interest in the Rancho Refugio, which conveyance was acknowledged and recorded in November following.

4. That Nov. 16th, 1852, said José, Juan and Maria Candida Bolcoff executed and delivered to Baldwin and Ramsey an agreement to sell and convey to them eighty acres of the Rancho, forty acres of which were on the east side of a Laguna, and " on which Baldwin's house now stands," and the other forty acres were to be located on the other side of the Laguna under the direction of Baldwin.

5. That they entered into possession of the land in controversy and continued to occupy it until Oct. 18th, 1853, when they executed and delivered to defendant Parsons a conveyance of all their interest in one of the forty acre tracts described in said agreement.

6. That Ramsay, on the eighteenth of October, 1853, sold and conveyed to Baldwin all his interest in the remainder of his possession in the Rancho; and on the twentieth of December, 1855, Baldwin sold his interest in the Rancho to defendant Dunlap, who then entered into and still remains in possession of a part of the land in controversy.

7. That Juan and Francisco Bolcoff, on the twenty-fifth of November, 1852, conveyed to defendant Parsons a portion of the land

described in the complaint, being forty acres adjoining the two forty acre tracts of Baldwin and Ramsay.

8. That on the nineteenth of March, 1853, an accounting was had between Juan and Francisco Bolcoff and the plaintiff of the amount due on said mortgage of January 21st, 1851, and the amount was found to be $7,008, for which sum a new note was given plaintiff by said two Bolcoffs, drawing interest at three per cent. per month, secured by a mortgage made by them of a portion of the Rancho Refugio, including the premises described in the complaint and in possession, at commencement of this suit, of defendants Parsons and Dunlap, the old mortgage being satisfied of record.

9. That on the thirteenth of April, 1855, plaintiff brought a suit against Juan and Francisco Bolcoff and Parsons to foreclose said last named mortgage, and a decree of foreclosure was entered against defendants July 2d, 1855, and ordering the. land sold to pay the mortgage.

10. That August 1st, 1855, the premises described in the mortgage were sold to plaintiff by the Sheriff under execution on said decree.

11. That a Sheriff's deed, in pursuance of such sale, was made to plaintiff on the fifteenth of February, 1856.

12. That Parsons is in possession of ninety-five acres of the land claimed in this suit, which is more than was conveyed to him by Juan and Francisco Bolcoff in November, 1852.

The conclusion of law was, that Parsons was entitled to so much of the premises as was conveyed to him in said deed of Nov. 25th, 1852, described in finding number seven; that plaintiff recover the balance of the land claimed by him; and that the agreement of Nov. 16th, 1852, and the conveyances under it, passed no title from Juan and Francisco Bolcoff to Parsons and Dunlap.

There was no motion for new trial, nor any bill of exceptions. Plaintiff appeals.

*J. C. Willson,* for Appellant.

I. The facts found and the conclusions of law stated do not warrant the judgment, because a legal title in defendant is not nec-

Meador *v.* Parsons.

essary to defeat an ejectment. (*Garner* v. *Marshall*, 9 Cal. 268; *Arguello* v. *Edinger*, 10 Id. 150.)

II. The contract under which defendant claims possession was entered into prior to the date of the mortgage under which plaintiff claims, and he took the land subject to defendant's equitable lien. (*Johnson* v. *Dopkins*, 3 Cal. 391.)

III. Under said contract the defendant was entitled to possession until the Bolcoffs therein named gave him a sufficient deed; and the possession of Baldwin and Ramsay, under whom defendant claims, at the time plaintiff took the mortgage in 1853 and released the one executed in 1851, of itself gave plaintiff notice of their equity. (*Bird* v. *Dennison*, 7 Cal. 297; *Bryan* v. *Ramirez*, 8 Id. 461.)

IV. Although defendant was a party to the foreclosure suit, the decree embraced no interest acquired by defendant prior to the date of the mortgage in 1853, while defendant's interest under said contract or bond was of date 1852.

[The above points are inserted as if presented on the argument of the case, while in fact there was no appearance for appellant; but these points, with the authorities, were embodied in the statement on appeal, and are therefore inserted.—REP.]

*R. F. Peckham,* for Respondent.

The judgment of the Court was correct.

1. The agreement between Bolcoff and Baldwin and Ramsay was to convey the whole premises. Two of the parties, José and Maria A. Bolcoff, had nothing to convey. Juan Bolcoff had only an undivided half of the land. Francisco Bolcoff, who had the other half, was not a party to said agreement.

2. The equitable relief to a legal cause of action in ejectment should be a cross bill or counter claim to have plaintiff declared a trustee for defendant, and, in a case like this, for a performance. No performance is prayed in this Court; and if so, could not be granted, because the proper parties are not before the Court. Appellant's remedy, if any, was by bill against the proper parties for a specific performance and a stay of proceedings until the same could have been heard.

3. There is no finding that the agreement was ever recorded, or that plaintiff had actual notice thereof, or that Baldwin or Ramsay were in the possession—actual, open or notorious—of any land in said agreement at or before the mortgage to plaintiff.

4. There were two separate forty acre tracts of land comprised in the agreement. One was described as forty acres on the east side of the Laguna, and on which Baldwin's house now stands, (then stood); the other forty acres to be located by the County Surveyor. There is no finding as to which of the forty acre tracts was conveyed by Baldwin and Ramsay to Parsons, or that any portion of it is within the premises demanded, or that there was ever any location by the County Surveyor, or that Baldwin ever had a house on the land in controversy, or that there is a Laguna either on, or east or west of the premises in controversy.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The decree is affirmed. Although an equitable defense may be set up to an action of ejectment, as is the settled law in this Court, yet all the elements going to constitute such a defense as against the legal title should be distinctly set up and proved. We see nothing in the findings, to which we are restricted by the manner in which this defense is presented, to show such notice of the claim of the appellant Parsons, either by possession or otherwise, as would entitle us to pronounce in its favor. Such facts should have been distinctly found by the findings, as to show the defendant's equity as against the plaintiff's claim. This does not seem to be the case, and we must therefore affirm the judgment.