[No. 2,139.]

# WALTER BOHALL *v.* D. N. DILLER.

CONSTRUCTION OF WRITTEN CONTRACT.—In a contract for the payment of money at different periods of time, with an extension of time, if needed, for the payment of an installment, the extension is a privilege of which, if the party entitled to it desires to avail himself, he must notify the other party, on or before the day upon which the installment becomes due, that he needs the extension.

COMPLAINT IN ACTION FOR DAMAGES.—In an action for damages the plaintiff must allege, in his complaint, that he has sustained damages, in order to sustain a judgment for damages.

CONCURRENT COVENANTS.—A party who agrees to convey land upon payment of the purchase money, cannot recover the purchase money due upon the contract until he tenders a deed, if all the installments became due before the action was brought.

ALLEGATION OF TENDER.—In such a case the complaint must allege a tender of a conveyance.

RESCISSION OF CONTRACT—VENDOR AND VENDEE.—When a vendee has so failed to perform the contract that the vendor may elect to treat the contract as rescinded, it is incumbent upon the vendor, in order to work that result, to restore to the vendee whatever he has paid on the contract.

IDEM—MUST BE ENTIRE.—The rescission of a contract, to be effectual, must be a rescission *in toto.*

IDEM—ALLEGATION IN COMPLAINT IN EJECTMENT.—In order to recover possession of premises on the ground of rescission of contract, the plaintiff must allege a repayment or tender of the amount paid by the defendant at the execution of the contract.

APPEAL from the District Court of the Eighth Judicial District, County of Klamath.

The facts are stated in the opinion of the Court.

*George Cadwalader,* for Appellant.

Bohall does not aver that he demanded payment, or that he tendered Diller a conveyance. On the last branch he says " he was prepared to do it on the 1st of April, 1866." This is not sufficient. .(*Hill* v. *Grigsby,* 35 Cal. 656.) This suit was commenced twenty-six days before the needed extension of time for the April payment expired. The option of the extension was entirely with Diller. It was not necessary for him to ask Bohall for it; for the latter could not refuse it. This could not be damaging to Bohall; for with the extension to Diller went the interest or use of one per cent per month to Bohall. Look at the complaint in any aspect, and it declares no cause of action. The judgment of the Court seems to have an element in it entirely unwarranted by the complaint. We refer to the three hundred and fifty dollars damages. (*Pittsburg Coal Co.* v. *Greenhood,* 39 Cal. 71.)

*Walter Van Dyke,* for Respondent.

The plaintiff, in his complaint, alleges, in addition to what appellant's counsel quotes in his brief : " That at all times he has complied with the several obligations and agreements imposed upon him in any way by said instrument and said agreement; and he further alleges that said defendant has complied with none of the obligations, promises, and undertakings imposed upon him by said agreement." This is sufficiently pleading the performance of conditions precedent in a contract. (Pr. Act, Sec. 60; *Cal. St. Nav. Co.* v. *Wright,* 6 Cal. 268; *People* v. *Jackson,* 24 Cal. 632.)

By the Court, RHODES, C. J.:

The complaint states that the plaintiff was the owner and in possession of the premises in controversy; and that he and the defendant entered into a contract in writing for the sale of the land by the plaintiff to the defendant. By the contract it appears that the price to be paid was six hundred dollars—fifty dollars paid in hand, one hundred dollars to be paid on the 1st of August, 1865, and four hundred and fifty dollars on the 1st of April, 1866, " with a continuance of time of payment, if needed, on the last mentioned amount, six months;" and that the plaintiff, upon the payment of the purchase money, was to convey the premises to the defendant. It is further stated that the plaintiff put the defendant into the possession of the premises, and that the defendant is now in possession; that the defendant has not paid any part of either of the last two mentioned sums; that the defendant has not made any application for an extension of time for the payment of the last mentioned sum; and that on the 1st of April, 1866, the plaintiff " was prepared to convey " the premises to the defendant. The prayer is that the defendant be decreed to surrender to the plaintiff

the possession of the premises, and that the plaintiff have judgment for five hundred and fifty dollars, with interest, as damages for the breach of the contract, and for the use of the premises, and also for general relief. The plaintiff had judgment for the recovery of the possession of the premises, and for three hundred and fifty dollars damages. The appeal is from the judgment.

The " continuance of time of payment " for six months, mentioned in the contract, was a privilege granted to the defendant; and if he desired to avail himself of it, it was incumbent on him to notify the plaintiff, on or before the day mentioned for the payment of the last installment, that he " needed " such extension of time. It not appearing that such notice had been given, the last installment had become due before the commencement of the action.

. The complaint is not sufficient to sustain the judgment. It is not alleged in the complaint that the plaintiff has sustained damages, and, therefore, he is not entitled to a judgment for damages.

He cannot recover the purchase money; for the agreement was that the conveyance should be executed upon the payment of the purchase money; and, as the last installment had become due before the action was commenced, it was necessary for him to tender a deed before suing for the purchase money. The covenants in such case are concurrent. The plaintiff has not alleged a tender of a conveyance of the premises.

The plaintiff having stated the contract of sale, and alleged that under it he placed the defendant in possession of the premises, it became necessary for him, if he desired to recover the possession, to show that the contract was rescinded. When a vendee has so failed to perform the contract, that the vendor may elect to treat the contract as rescinded, it is incumbent on the vendor, in order to work that result, to restore to the vendee whatever he has paid on the contract.

A rescission of a contract, in order to be effectual, must be a rescission *in toto.* The plaintiff has failed to allege a repayment, or tender of the amount paid by the defendant, at the execution of the contract. He, therefore, cannot proceed to recover the possession of the premises on the ground of a rescission of the contract.

Judgment reversed, and cause remanded, with leave to the plaintiff to amend his complaint.