[No. 3,358.]

## JOHN TORMEY ET AL. v. E. TRUE.

PRE-EMPTIONER ON SUSCOL RANCH.—One who claims the benefit of the Act of Congress, passed March 3d, 1863, granting the right of preëmption to purchasers from Vallejo, of land in the Suscol Ranch, before the rejection of Vallejo's claim thereto by the Supreme Court of the United States, must show that he purchased from Vallejo, or his assigns, and had reduced the land to possession before the time of said rejection of Vallejo's claim.

EQUITABLE DEFENSE IN EJECTMENT.—The defendant in ejectment, who relies on an equitable defense, must, in his answer, set up fully the facts on which his equity rests.

CAL. REPS. XLV—14

APPEAL from the District Court of the Seventh Judicial District, County of Napa.

The plaintiff sued for the possession of a portion of the Suscol Ranch, relying for title upon a patent from the United States, issued under the Act of Congress entitled "an Act to grant the right of preëmption to certain purchasers on the Suscol Ranch, in the State of California," passed March 3d, 1863. The defendant, in his answer, averred that at the time of the passage of the Act he was a purchaser from Vallejo and in actual possession of the land in suit; that the plaintiff had fraudulently procured a patent from the United States, and that the defendant had offered to purchase the land from the plaintiffs, tendering them the purchase price, which had been refused. He asked that the plaintiffs be compelled to convey the legal title to him. The plaintiffs had judgment and the defendant appealed.

*Steere & Spencer* and *Cadwalader*, for Appellant.

The patent, combined with the fact that the defendant was a bona fide purchaser from Vallejo and in possession, and the tender, made a perfect defense in equity to the suit, and entitled the appellant to the relief prayed by his answer.

*Hartson & Burnell* and *Stoney & Pendegast*, for Respondents, argued that the defense was defective because it failed to comply with the requirements of the statute upon which it was founded, in that it did not show that the defendant was a bona fide purchaser from Vallejo prior to the decision of the Supreme Court rejecting the claim, nor that the defendant had reduced the land to possession at that time.

By the COURT:

The equitable defense pleaded is fatally defective, in that it fails to aver that the purchase under which the appellant

claims was made from Vallejo before the claim of the latter
had been rejected by the Supreme Court of the United
States, and that the premises had been reduced to possession
by the defendant, or those under whom he claims, at the
time of the rejection of the Vallejo claim by that Court.
The purchase and possession upon which the defendant relies
do not appear to have antedated the passage of the Act of
Congress, and are, therefore, insufficient to bring the defend-
ant within the benefits of the Act.

Judgment affirmed.