[No. 3,872.]

## ISAAC N. THORNE *v.* JOSEPH H. HAMMOND.

REVIEW OF EVIDENCE ON BILL OF EXCEPTIONS.—The Court will not review the evidence on a bill of exceptions, unless the bill specify the particulars in which the evidence is alleged to be insufficient to sustain the verdict or decision.

EQUITABLE DEFENSE IN EJECTMENT.—If one who has contracted to buy land and pay the purchase money at a given date enters into possession and makes improvements, but, when the money falls due, refuses to pay it on demand and tender of a deed by his vendor, and neglects for two and a half years thereafter to pay the money, equity will not permit him to set up the contract as a defense, when sued in ejectment by the vendor.

IDEM.—In such case, the facts, that during the two and a half years the land was sold by the Sheriff under a judgment enforcing a mechanics' lien in which the vendor and vendee were made defendants, and a Sheriff's deed was given to the purchaser, who afterwards conveyed to the vendor, do not convey the legal title to the vendee nor create an equity in his favor·

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover a lot in San Francisco. George Treat, being in possession of the demanded premises on the 23d of July, 1866, executed to Hammond, the defendant, a bond to convey to him the same on or before July 23d, 1867, provided Hammond paid him the purchase money—four hundred and fifty dollars—with interest at twelve per cent per annum. Hammond entered into possession soon after, and erected a dwelling house and other improvements of the value of one thousand four hundred and fifty dollars on the premises. In January, 1868, Treat tendered Hammond a deed and demanded payment, which Hammond refused to make. April 22d. 1870, Hammond tendered to Treat the money due, but Treat referred him to one Livingston. He then made the tender to Livingston, but Livingston refused to receive it.

In December, 1867, S. G. Worden and C. W. Tryon sued Hammond and wife to enforce a mechanics' lien for labor performed on the buildings Hammond had erected on the premises, and made Treat a party defendant. On the 23d of April, 1868, a judgment was rendered in the action enforcing the lien, and directing the premises to be sold, and the first proceeds of sale to be paid to Treat, or sufficient thereof to satisfy Hammond's debt to Treat for the purchase money, and the surplus to be paid to Worden and Tryon until their claim was satisfied, and the remainder, if any, to be paid to Hammond. August 17th, 1868, the Sheriff sold the property, under the decree to Worden, for sufficient to pay both Treat and Worden and Tryon, and paid Treat the amount his due from Hammond out of the proceeds. November 18th, 1868, Worden assigned the certificate of sale to Livingston. Hammond had appealed from the judgment, but gave no undertaking to stay execution. January

21st, 1869, the Supreme Court reversed the judgment, and on the 8th day of July, 1870, the District Court dismissed the action. (See 37 Cal. 61.) When Worden assigned the Sheriff's certificate to Livingston, the latter paid him the amount of his bid, and all costs. This was done at Treat's instance, who, at the same time, deeded the property to Livingston, and the latter agreed to redeed to Treat when he should repay him the money. May 15th, 1869, the Sheriff made a deed to Livingston, as assignee of Worden. On the 25th of May, 1870, Treat paid Livingston his money, and the latter conveyed to Treat, and June 23d, 1870, Treat conveyed to the plaintiff Thorne. The defendant, in his answer, relied on the bond for a deed, and his possession and improvements on the premises as an equitable defense. The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion.

*Parker & Roche,* for Appellant.

Hammond's delay, under the circumstances, will not be held by a Court of equity to work a forfeiture of his rights. Time of payment was not made the essence of the contract, either by its terms or the surrounding cincumstances. Hammond showed his good faith by putting fifteen hundred dollars worth of improvements upon the lot. This made the lot ample security for Treat's lien, and it was a part performance of the contract—sufficient to entitle Hammond to demand a specific performance. No injury was done Treat by the delay; both his interest upon the debt, and his security for it, were ample. The bond was a sufficient memorandum in writing to take the case out of the Statute of Frauds. (*Farley* v. *Vaughn,* 11 Cal. 227; *Arguello* v. *Edinger,* 10 Cal. 150;—particularly page 159, and authorities there cited; *Love* v. *Watkins,* 40 Cal. 563, *et seq.; Gerdes* v. *Moody,* 41 Cal. 350; *Owen* v. *Frink,* 24 Cal. 176.)

*Crane & Boyd*, for Respondent.

Prima facie, time was of the essence of the contract, for Treat was to make the conveyance on a specific day (July 23d, 1867), provided he received the price on or before that day. No parol contract to extend the time was shown. Did defendant act in good faith? His duty was to seek the defendant on or before the day named, and tender the price. He did not, nor does he give any reason why he did not. Treat waited six months, and then demanded the money due, and tendered a deed. Still the defendant did not respond. He made no effort to comply with his contract until April, 1870, very nearly three years after he had agreed to pay, and he gives no reason or excuse whatever for this long delay. He has not even the common excuse that he was not asked to perform, and therefore was lulled into carelessness. On the contrary, he was as distinctly apprised as a man could be, by the demand and tender in January, 1868, that Treat was standing upon the strict letter of his contract, and insisted upon its performance. We therefore respectfully submit that defendant has not done equity, and consequently cannot ask equity. (Story's Eq. Jur., Secs. 769, 771, 776; *Grey* v. *Tubbs*, 43 Cal. 359; *Marble Co.* v. *Ripley*, 10 Wall. 357.)

It is claimed, however, that Treat received the amount due him from the Sheriff at the time of the sale, and still retains it as a payment from Hammond. The obvious answer is, that Hammond has not paid anything, and of course cannot obtain any advantage from the fact that Worden paid money to the Sheriff for which he received nothing.

By the COURT:

The Court below found the fact to be that Hammond made no tender of the purchase money until April, 1870, and the bill of exceptions, by which the motion for a new

trial was supported, does not present the question of the sufficiency of the evidence to support the finding in that respect. It will not do to say that "the plaintiff showed no right of possession of the premises sued for as against the defendant, or at all," for as a specification this would be of no more applicability to any one than to any other of the series of alleged facts upon which the plaintiff relied to make out his right to possession. The Code, section six hundred and forty-eight, provides that "when the exception is to the verdict or decision upon the grounds of the insufficiency of the evidence to sustain it, the objection must specify *the particulars* in which such evidence is alleged to be insufficient." By the terms of the bond set up in the cross-complaint, the purchase money was to have been paid by Hammond on July 23d, 1867. Treat, the vendor, however, as lately as January, 1868, some six months after default in the payment, tendered to Hammond a sufficient deed of conveyance of the premises, and at the same time demanded of him the purchase money—when the defendant "refused to pay the said amount or any part thereof," and did not make a tender of the purchase money until April, 1870, some two years and six months after the period of payment named in the bond. In view of this great and unexplained delay, and the unqualified refusal upon the part of Hammond to complete the purchase, we are not aware of any principle of equity which would enable him, when sued for the possession, to set up the contract he had so long neglected and so expressly repudiated, and, thereupon, claim a decree for its specific performance by Treat. It results upon this view that the judgment rendered below must be affirmed here, for the judicial proceedings had in the case of *Worden* v. *Hammond*, whether they are to be supported or not, certainly did not transfer the legal title to Hammond, nor create a new equity in his favor.

Judgment and order affirmed.