[Department One.—July 23, 1883.]

·JOHN J. HICKS, RESPONDENT, *v.* D. J. LOVELL, APPELLANT.

EJECTMENT AGAINST VENDEE. — Ejectment will lie against a vendee in possession of land under a contract of purchase, who, after part performance, refuses to further comply with the terms and conditions of the contract, or surrender the possession.

ID. — SPECIFIC PERFORMANCE. — Equity will not decree specific performance of a contract for the sale of land in favor of a party, who, by his own negligence or default, has prevented or unreasonably delayed the full execution of the contract.

EVIDENCE — TESTIMONY OF WITNESS AT FORMER TRIAL — REPORTER'S TRANSCRIPT. — Defendant objected to the introduction in evidence of the official reporter's transcript of the testimony of a witness at a former trial because the testimony

itself was not signed by the witness. It was shown that the witness was out of
the State, and no objection being made to this mode of proving his testimony,
*held*, that it was not error to admit it.

PRACTICE—JUDGMENT ON THE PLEADINGS.—It is only where an answer admits
or leaves undenied the material facts stated in the complaint that a judgment
can be rendered on the pleadings.

APPEAL from a judgment of the Superior Court of the county
of San Diego, and from an order refusing a new trial.

The agreement of September 10, 1879, referred to in the
opinion of the court, was to the effect that plaintiff agreed to sell
to the defendant Lovell and one Wheeler a certain parcel of
land for the sum of fifteen hundred dollars to be paid in wheat,
the purchasers agreeing to go into possession, plant and culti-
vate the land, and deliver annually to the grantor one half of all
the wheat raised thereon at a stipulated price until the purchase
money was paid.   The agreement of March 1, 1880, was for the
sale of another parcel of land for one thousand dollars upon sim-
ilar terms and conditions.   The remaining facts are stated in the
opinion of the court.

*M. A. Luce,* and *Will. M. Smith,* for Appellant.

The motion for judgment on the pleadings should have been
granted.  (*Willis* v. *Wozencraft,* 22 Cal. 614 ; *Bohall* v. *Diller,*
41 Cal. 534 ; Civil Code, § 3050 ; 2 Washburn on Real Prop-
erty, 93.)

The motion for a nonsuit should have been granted.  (*Cory-
ell* v. *Cain,* 16 Cal. 567 ; *Marshall* v. *Shafter,* 32 Cal. 177 ;
*Taylor* v. *Crane,* 15 How. Pr. 358 ; Sedgw. & Waite, § 433 ;
*Costigan* v. *Wood,* 5 Cranch C. C. 507 ; *Jackson* v. *Moncrief,* 5
Wend. 26 ; *Marlin* v. *Willink,* 7 Serg. & R. 297.)

The court erred in admitting the reporter's transcript of
Wheeler's testimony.  (*Meyer* v. *Roth,* 51 Cal. 582 ; *People* v.
*Lee Fat,* 54 Cal. 527 ; *People* v. *Ah Yute,* 56 Cal. 119.)

*Leach & Parker,* for Respondent.

Judgment on the pleadings and the motion for nonsuit were
properly denied.  (Tyler on Ejectment, 39, 40, 57, 565, and
cases there cited ; *Central Pacific R. R. Co.* v. *Mudd,* 59 Cal.

585; *Whittier & Fuller* v. *Stege & Stege*, 61 Cal. 239.) The authorities cited by appellant on the point that the court erred in admitting the official reporter's transcript of Wheeler's testimony do not support him.

McKEE, J. — Ejectment to recover several parcels of land in San Diego County.

The answer to the complaint in the case contained a general denial, the defense of a former recovery, and of an equitable title to the land, and also a cross-complaint in equity. The statement of the cause of action in the cross-complaint showed that the defendant was in possession of the lands in controversy under two agreements in writing — one dated September 10, 1879, and the other March 1, 1880 — by which he and one Wheeler had agreed to purchase the lands from the plaintiff, according to the terms and conditions of said agreements. Both vendees entered and occupied, under said agreements, until the fall of 1880, when Wheeler sold and transferred all his right under the agreements to the defendant, who has since occupied the lands solely for himself. Neither of the agreements have been performed; but the defendant averred in his cross-complaint that he was ready, able, and willing to perform the agreement of September 10, 1879, according to its terms and conditions, but had been prevented from performance by the plaintiff; and that, after prevention and before the commencement of the action, he had also offered to pay the plaintiff the purchase money due on the agreements, but the plaintiff refused to accept the same; and that as to the lands referred to and described in the agreement of March 1, 1880, he was also ready and able to perform his agreement whenever he could have a good and sufficient deed of conveyance of said lands; but as the plaintiff had no title to the same he could not comply with the agreement on his part. Therefore the defendant asked, as equitable relief, that the plaintiff's action at law be dismissed; that the contract of March 1, 1880, be cancelled; and that the contract of September 10, 1879, be specifically performed.

In his answer the plaintiff admitted the entry and occupation by the defendant under the agreements as stated in the cross-complaint; but he denied the readiness and ability of the defend-

ant to perform any of the agreements, or that he had offered to perform any of them, or had been prevented from performing by the plaintiff; he also averred that the defendant had absolutely refused to perform, and had failed and refused to pay any portion of the purchase money due for the lands according to the terms and conditions of the agreements, except the sum of about one hundred and sixteen dollars, which he admitted having received on the agreements in the fall of 1880.

Before trial, a motion was made for judgment on the pleadings, upon the ground that they admitted the defendant was in possession of the lands under agreements of purchase and part performance. The motion was denied, and the ruling is assigned as error. But as the defendant denied the plaintiff's cause of action at law, and as the plaintiff denied the defendant's cause of action in equity, there were issues raised by the pleadings in both actions to be tried and determined before judgment could be rendered in either; there was, therefore, no error in denying the motion. It is only where an answer admits, or leaves undenied, the material facts stated in the complaint, that a judgment can be rendered on the pleadings. (*Prost* v. *More*, 40 Cal. 347.)

By consent, the issues in the action at law and in the cross-action in equity were tried together. At the trial the plaintiff rested his case upon proof, which established a legal title in himself to the lands in dispute, possession by the defendant at the commencement of the action, and an absolute refusal by the defendant to comply with the terms and conditions of the agreements of purchase, under which he was in possession, or to quit and surrender possession to the plaintiff. When the plaintiff rested the defendant moved for a nonsuit, upon the ground that the proofs and the pleadings in the case showed that the defendant was in possession under contracts of purchase which had been in part performed. The motion was denied, and that ruling is also assigned as error.

But the ruling was correct, because the legal title to the lands being in the plaintiff, he was in law entitled to judgment, unless the agreements of purchase under which the defendant entered and was in possession, gave him an equitable right to the possession. But, according to the plaintiff's proofs, that right had ceased to

exist, because the defendant had refused to comply with the terms
and conditions of the agreements, and repudiated them. A vendee
in possession of land cannot repudiate his contract of purchase
and at the same time hold the possession under it and by virtue
of it. A repudiated contract is no protection to an intending
vendee in possession against the legal title. If the defendant
denied repudiation and relied upon readiness and ability to per-
form, which was prevented by the plaintiff, or an offer to per-
form which was rejected, those were matters in defense to the
action at law, or for the consideration of the court, sitting as a
court in equity, in the equitable cross-action. (*Clark* v. *Lock-
wood,* 21 Cal. 220; *Meador* v. *Parsons,* 19 Cal. 294; *Lestrade* v.
*Barth,* 19 Cal. 666; *Cadiz* v. *Majors,* 33 Cal. 288; *McCauley* v.
*Fulton,* 44 Cal. 356; *Tormey* v. *True,* 45 Cal. 105; *Kenyon*
v. *Quinn,* 41 Cal. 325.)

Upon the trial the court found that defendant had never per-
formed, or in good faith offered to perform, either of the agree-
ments, according to their terms and conditions; that he had not
been prevented from performance by any act of the plaintiff;
that plaintiff had tendered a deed and demanded performance,
but defendant had absolutely refused; and that both he and
Wheeler had wholly failed and refused to perform the agree-
ments or any part thereof, except to deliver to the plaintiff
about 136 sacks of wheat, of the average weight of 135 pounds
each, which the plaintiff received from them in the fall of 1880,
and because of the delivery to the plaintiff of that quantity of
wheat, in part performance of the agreements, and of the entry
and possession by the defendant under the agreements, it is con-
tended that ejectment is not maintainable by the plaintiff as
vendor, against his vendee in possession, who has refused to
comply with the terms and conditions of the agreements, or to
quit and surrender possession of the lands; and that his only
remedy is in equity to foreclose his vendor's lien for the purchase
money. *Willis* v. *Wozencraft,* 22 Cal. 614, and *Bohall* v. *Diller,*
41 Cal. 532, are cited to sustain the contention. But neither
of those cases is analogous to the case in hand, nor does either
sustain the contention of the appellant. In *Willis* v. *Wozencraft,*
the vendor and vendee had been in possession in common, each
"having a 'full right' to an undivided half of the rents and

profits." Being thus in possession, the vendee agreed to purchase the undivided interest of his co-tenant, who had the legal title to the entire estate in his name, and took from him a bond for a deed, upon payment of the purchase money, in which it was especially stipulated that the vendee had the right of possession to an undivided one half of the premises. Against the vendee thus in possession in his own right, and under the contract of purchase, a grantee of the vendor brought ejectment, solely upon the ground that he had acquired the legal title to the land. But before suit she had made no demand to be let into possession of her share with the defendant, and there was no proof in the case of any special facts tending to show either an actual or constructive ouster of the plaintiff, nor was there any evidence tending to show the tender of a deed and demand and refusal to pay the purchase money after it became due, or that the purchase money had not been paid, or that the defendant had abandoned the purchase, or refused to complete it according to the terms of his contract. The defendant had, therefore, done nothing to forfeit the benefit of his contract; and, being rightfully in possession under his equitable title, he could not be disturbed.

The defendant in *Bohall* v. *Diller* had also entered into possession of the land in dispute under a contract of purchase. The purchase money had become due and was unpaid at the commencement of the action, and, relying solely upon that fact, the vendor, without having put the vendee in default, brought a peculiar action against the vendee, to recover damages for an alleged breach of the contract, possession of the land, and also the purchase money. But the Supreme Court held that he could not recover damages, because he had not alleged any; nor the purchase money, because, although it had become due before the commencement of the suit, yet as there was no allegation of tender of a deed and of demand and refusal to pay, the defendant was not in fault; nor could he recover the land, because there was no evidence tending to show that the contract had been rescinded by the parties; therefore the right of possession was in the defendant and must prevail.

The doctrine deducible from those cases, as well as from others in this State, is that ejectment is not maintainable by a

vendor of real property against his vendee in possession under an executory contract of sale, who is not in default in the performance of his contract, or who has performed it and is in a position to demand a deed, or who seasonably and in good faith offers to comply with the terms of his purchase, and continues ready to comply with them. To a vendee in possession under such circumstances the contract will avail him as an equitable defense to an action of ejectment brought against him by his vendor, or as a cross-action in equity to enforce a trust against his vendor, or to obtain a specific performance of the contract. (*Love* v. *Watkins*, 40 Cal. 548; *Gerdes* v. *Moody*, 41 Cal. 336; *Talbert* v. *Singleton*, 42 Cal. 395; *Willis* v. *Wozencraft*, and *Bohall* v. *Diller,* supra; *C. P. R. R. Co.* v. *Mudd*, 59 Cal. 585.) But if after maturity of the purchase money the vendor tenders a deed, and demands payment, which the vendee refuses to make, or if the vendee has abandoned the purchase, and repudiates the title of his vendor, in such case the vendee forfeits the benefit of the contract, and he cannot avail himself of it as a defense to an action of ejectment by his vendor (*Pearis* v. *Covillaud*, 6 Cal. 617; *Whittier* v. *Stege*, 61 Cal. 239; *Thorne* v. *Hammond*, 46 Cal. 530); nor by way of a cross-action for specific performance. For it is well settled that a court of equity, in the exercise of its judicial discretion, will not decree specific performance of a contract for the sale of land in favor of a party who, by his own negligence or default, has prevented or unreasonably delayed the full execution of the contract. (*Conrad* v. *Lindley*, 2 Cal. 173; *Brown* v. *Covillaud*, 6 Cal. 566; *Green* v. *Covillaud*, 10 Cal. 317; *Willard* v. *Tayloe*, 8 Wall. 557.)

That was the position of the defendant on his cross-complaint. By his own showing he abandoned the purchase of one of the contracts, and disclaimed the title of his vendor; but having entered into possession under the title and in subordination to it, he was estopped from denying it. (*Hoen* v. *Simmons*, 1 Cal. 119; *Salmon* v. *Hoffman*, 2 Cal. 139; *Walker* v. *Sedgwick*, 8 Cal. 403.) And as to the other contract, he neither averred a tender of the purchase money nor offered to pay it. (*Marshall* v. *Caldwell*, 41 Cal. 611; *Englander* v. *Rogers*, 41 Cal. 420.) One who appeals to a court of equity to defend him against the

legal title to land, of which he is in possession, must do equity by paying the price which he agreed to pay. The maxim, " he who seeks equity must do equity," applies to him in full force. (*Eastman* v. *Plumer*, 46 N. H. 464.) The cross-complaint of the defendant, therefore, lacked the essential element of a complaint in equity.

Nor had the defendant any equitable title which would serve as a defense to an action of ejectment. Having abandoned his purchase and repudiated his contracts, he was not a purchaser clothed with right, and his vendor was not bound to resort to a court of equity for relief; he may sue in ejectment. (*Keller* v. *Lewis*, 53 Cal. 118.)

" The refusal of one party to perform his contract," says the Supreme Court of New York, in *Graves* v. *White*, 87 N. Y. 465, " amounts on his part to an abandonment of it. The other party therefore has a choice of remedies. He may stand upon his contract, refusing assent to his adversary's attempt to rescind it, and sue for a breach, or in a proper case for a specific performance, or he may assent to its abandonment, and so effect dissolution of the contract by the mutual and concurring assent of both parties. In that event he is simply restored to his original position, and can neither sue for a breach nor compel a specific performance, because the contract itself has been dissolved. . . . . An absolute refusal, a deliberate repudiation of the stipulations of the contract, gives to the other party as an alternative remedy the right to assent to such abandonment and treat the contract as dissolved." In the present case such refusal was proved. The defendant undertook to repudiate the contract and at the same time held the possession under and by virtue of it. If the plaintiff could have stood upon the contract and compelled performance or recovered damages for the breach, he was not bound to adopt that remedy, but had the right to bring ejectment to recover back his land. In so doing, and giving the preliminary notice to surrender possession, he, too, gave his assent to the abandonment of the contract; and the parties who made it having thus by mutual assent rescinded it, its validity was gone and it ceased to exist. Neither party, thereafter, could invoke its terms or protection as against the other; and the plaintiff was at liberty to maintain ejectment to

recover the possession of the land to which he had a legal title. (*Jackson* v. *Moncrief*, 5 Wend. 26; *Wright* v. *Moore*, 21 Wend. 230; *Pierce* v. *Tuttle*, 53 Barb. 167.)

The court found that the former trial and judgment between the parties was not an adjudication of the matters contained in this action. The finding is sustained by the record of that case, which shows on its face that the questions involved in this were not raised, tried, and determined in that; and also by the evidence which the defendant gave, under his pleadings, as to the facts upon which that decision was based. (*Megerle* v. *Ashe*, 33 Cal. 84.) The former adjudication was, therefore, no bar to the action in hand.

Lastly, it is assigned as error that the court overruled the objections taken by the defendant to the official reporter's transcript of the testimony of a witness given on the former trial and offered in evidence by the plaintiff. No objection was made that the witness was not shown to be beyond the jurisdiction of the court, nor as to the mode of proving his testimony. The only objections were that the testimony itself was not signed by the witness; that it was not his deposition, and that it was secondary evidence. But by subdivision 8, section 1870, of the Code of Civil Procedure, it is provided that "the testimony of a witness deceased, or out of the jurisdiction or unable to testify, given in a former action between the same parties, relating to the same matter," may be given in evidence. And as it was proved that the witness was out of the State, and no objection was made to the transcript as evidence of his testimony, there was no prejudical error in the ruling.

Judgment and order affirmed.

Ross, J. and McKinstry, J., concurred.

Hearing in Bank denied.