[L. A. No. 3244. Department Two.—March 7, 1914.]

## FRED E. PIERCE, Respondent, v. J. C. AVAKIAN, Appellant.

ACTION ON NOTE—PLEADING—NONCOMPLIANCE WITH ORDER OF COURT—STRIKING OUT ANSWER.—Where on the hearing of a demurrer to the complaint in an action on a promissory note the court permits the defendant to answer within five days "on the payment of ten dollars to the opposite party," but he, without complying with such order, files an answer and makes no excuse for such noncompliance, except an allegation in the answer that the plaintiff agreed "that if defendant was unable to pay said note when it became due, that plaintiff would not press him for the payment thereof and would

give him all the time that he needed to pay the said note," it is not error to strike out the answer.

ID.—SUFFICIENCY OF ANSWER—AGREEMENT TO EXTEND TIME—INSUF-FICIENT EXCUSE FOR DEFAULT IN PAYMENT.—An answer in an action on a promissory note which admits execution and nonpayment of the note, but seeks to excuse default by alleging that it was agreed at the time of the execution of the note "that if defendant was unable to pay said note when it became due, that plaintiff would not press him for the payment thereof and would give him ·all the time that he needed to pay the said note," presents no defense, when there is no allegation that the defendant was unable to meet the note at the time it became due, that he needed more time, that he requested the plaintiff to give him more time, or that he told the plaintiff he was unable to pay the note. ·

ID.—FORBEARANCE—DELAY OF THIRTEEN MONTHS IN COMMENCING AC-TION.—The commencement of such action thirteen months after the note became due, shows a reasonable extension.

ID.—ORAL REPRESENTATIONS—WHETHER AFFECT TERMS OF NOTE.—Such representations, if oral, cannot affect or impair the terms of the note.

APPEAL from a judgment of the Superior Court of Los Angeles County. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Watkins & Blodget, for Appellant.

Sheldon Borden, and George H. Moore, for Respondent.

HENSHAW, J.—This is an action upon a promissory note. The complaint contained all the usual and proper averments and was verified. To the complaint defendant interposed a general demurrer. At the time of the hearing of this demurrer defendant was not present nor represented. This general demurrer to a complaint in all respects legally sufficient, appearing to the trial court to be frivolous and to have been interposed for delay, that court, in accordance with section 472 of the Code of Civil Procedure and its own rules (rule 22, superior court county of Los Angeles) permitted defendant to answer within five days "on the payment of ten dollars to the opposite party." Notice of this order was duly served upon the defendant. He neither paid nor offered

to pay the ten dollars to the opposite party, nor served nor offered to serve his answer, but sought to file and did file his answer without attempting to conform to the order of the court. Plaintiff interposed with a motion to strike out the answer of the defendant and for judgment as upon defendant's default. The motion was granted and the judgment for plaintiff entered accordingly.

The court in granting the motion was manifestly of the opinion that the excuse offered by defendant for failure to comply with the order of the court was not sufficient, and in this it cannot be said that the court erred. Moreover, the answer which was actually filed presents no defense. It admits the execution of the promissory note and the nonpayment and seeks to excuse default in this respect by averring that at the time of the making of the note plaintiff agreed "that if defendant was unable to pay said note when it became due, that plaintiff would not press him for the payment thereof and would give him all the time that he needed to pay the said note." But it does not even allege that he was unable to meet the note at the time it became due; that he needed more time; that he requested plaintiff to give him more time; or that he told the plaintiff that he was unable to pay the note. Assuming that these representations were made, and were such representations as warranted defendant's reliance upon them, it would only constitute an extension of the agreement for the time of payment, if time was needed, and no one of these things is averred in the answer. (*Bohall* v. *Diller*, 41 Cal. 532.) Moreover, it appeared that action was not commenced upon this note until one year and one month after it became due. Here was a forbearance for thirteen months. The time of forbearance was not specified, and a reasonable time is inferred. (Civ. Code, sec. 1657.) Such reasonable time plaintiff certainly granted. And finally it may be added that these asserted representations are not such, and cannot be held to be such, as affect or impair the terms of a negotiable instrument. As was said in *Booth* v. *Hoskins*, 75 Cal. 271, [17 Pac. 225] : "But this agreement was oral, and if made at the time of the loan, could not change the terms of, or be substituted for, the written contract, and, if made subsequently, could not create a new or continuing

contract, so as to take the case out of the operation of the statute.''

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.