[Civ. No. 3190.  First Appellate District, Division One.—January 9, 1920.]

## MATILDA THOMSON, Respondent, v. JOHN M. LANGTON, Jr., et al., Appellants.

[1] MORTGAGES—ACTION TO FORECLOSE—ORALLY EXPRESSED INTENTION NOT TO REQUIRE PAYMENT — INSUFFICIENT DEFENSE.—In an action to foreclose a mortgage executed to secure the payment of a promissory note, a plea that it was the mortgagee's orally expressed intention that she would never require the defendants to pay any part of the principal of said note cannot be availed of as a defense to the action. Under section 1625 of the Civil Code, everything that occurred prior to the execution of the note and mortgage in the way of oral negotiations and understandings between the parties must be held to have been merged in their written agreements in the form and effect of said note and mortgage.

[2] ID.—RELIANCE UPON MORTGAGEE'S ORALLY EXPRESSED INTENTIONS— MAKING OF IMPROVEMENTS—ESTOPPEL.—In such action, an estoppel cannot be predicated upon the fact that the defendants, relying upon the plaintiff's orally expressed intention never to call upon them to pay any part of the principal of said note, made certain substantial improvements upon the mortgaged premises and otherwise placed themselves in a position which, it is alleged, would render it inequitable for the plaintiff to be permitted to enforce her said note and mortgage.

[3] ID.—DENIAL OF LEAVE TO AMEND ANSWER — INSUFFICIENCY OF APPLICATION — ABUSE OF DISCRETION — APPEAL.—Where in such action the trial court sustained the plaintiff's demurrer to the defendants' answer without leave to amend, and denied the · defendants' application thereupon made for leave to amend their said answer, and the record on appeal discloses nothing more than a bare application to the court for leave to amend the answer without the offer of any proposed amendment or even of any statement as to what the amended answer, if permitted, would contain, or whether it would in any respect eke out the infirmities of the original answer, the appellate court cannot determine whether or not the trial court abused its discretion in refusing to grant the defendants' general request for leave to amend their answer.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Chas. Monroe, Judge.  Affirmed.

1. Evidence of preliminary negotiations as aid to construction of instrument, notes, 18 Ann. Cas. 257; 17 L. R. A. 273,

The facts are stated in the opinion of the court.

E. B. Coil for Appellants.

Samuel H. French for Respondent.

RICHARDS, J.—This action was instituted for the foreclosure of a mortgage executed by the defendants to the plaintiff to secure the payment of a promissory note for the sum of six thousand three hundred dollars, payable three years after date. The defendants by their answer admitted the execution of the note and mortgage sued upon and that the said note was upon its face past due and unpaid. [1] They undertook to deny, however, that the purpose of the execution of said mortgage was to secure the payment of said note, and in support of such denial proceeded to set forth with much of detail certain relations and oral understandings between the parties to said note and mortgage at and prior to the time of the execution thereof, and which, without attempting to recite them at length, amount, in our opinion, to nothing more than a plea that it was the mortgagee's orally expressed intention that she would never require the defendants to pay any part of the principal of said note. As to this portion of the defendants' answer, it seems entirely clear to us that, admitting the truth of its averments in respect to these matters, they cannot be availed of as a defense to this action, since everything stated therein as having occurred prior to the execution of the note and mortgage in the way of oral negotiations and understandings between the parties must be held, under section 1625 of the Civil Code, to have been merged in their written agreements in the form and effect of said note and mortgage. The presentation of similar matters was held to be no defense to an action to foreclose a mortgage in the case of *Pierce* v. *Avakian,* 167 Cal. 330, [139 Pac. 799], and in the earlier case of *Booth* v. *Hoskins,* 75 Cal. 271, [17 Pac. 225].)

[2] The defendants herein further undertook in their answer to set forth that relying upon the plaintiff's orally expressed intention never to call upon the defendants to pay any part of the principal of said note and mortgage, they made certain substantial improvements upon the mort-

gaged property and otherwise placed themselves in a position which would render it inequitable for the plaintiff to be permitted to enforce her said note and mortgage. These facts are pleaded by way of estoppel, but the authorities uniformly hold that an estoppel of the character herein relied upon cannot be predicated upon the mere expression of the intention or proposed future action of the party sought to be estopped, or upon the promise of such person to do or not to do in the future some particular act. (*Mutual Life Ins. Co.* v. *Mowry,* 96 U. S. 544, [24 L. Ed. 674, see, also, Rose's U. S. Notes]; *Langdon* v. *Dowd,* 10 Allen (Mass.), 433; *Jackson* v. *Allen,* 120 Mass. 64; *White* v. *Ashton,* 51 N. Y. 280.) The rule thus established in other jurisdictions was adopted and applied in this state in the case of *Banning* v. *Kreiter,* 153 Cal. 33, [94 Pac. 246]. The trial court, applying the foregoing principles to the defendants' answer herein, held upon demurrer that their said answer was insufficient to constitute a defense to the action, and it therefore sustained the plaintiff's demurrer thereto without leave to amend. [3] The record shows that the defendants thereupon applied to the court for leave to amend their said answer, which application the court denied. This the appellants assert was an abuse of discretion on the part of the trial court and was, therefore, reversible error; but the record before us discloses nothing more than a bare application to the court for leave to amend the answer without the offer of any proposed amendment or even of any statement as to what the amended answer, if permitted, would contain, or whether it would in any respect eke out the infirmities of the original answer. We cannot, therefore, determine whether or not the trial court abused its discretion in refusing to grant the defendants' general request for leave to amend their answer.

Judgment affirmed.

Knight, J., *pro tem.,* and Waste, P. J., concurred.