<hr />

## Barnes *vs.* Henshaw.

On the trial of a cause a party is not at liberty to object to the *generality* of a *bill of particulars;* if the *cause of action* or *matter of defence* be embraced in the bill, though in the most general terms, the evidence offered in support of the allegations of the party is admissible, the same as under a declaration on the money counts. The party if dissatisfied with the bill, should have applied for *further* particulars.

ERROR from the superior court of the city of New York. C. I. Henshaw sued S. D. & R. Barnes in the court below in an action of *assumpsit.* The declaration contained the *money counts* only, but the plaintiff had furnished a *bill of particulars,* which, after stating the title of the cause, was in these words: "1834. June 16. Cash *lent and advanced* to defendants at their request $225. 1834. Dec'r 19. Cash *paid for defendants,* and at their request, to the Brooklyn Bank, Long Island, $225. 1834. Dec'r 19. Cash paid to take up the plaintiff's *accommodation note, lent to defendants,* dated June 16, 1834, at 6 mos. $225." The plaintiff offered in evidence a written agreement signed by the de-

Barnes v. Henshaw.

fendants, by which it appeared that on the 16th June, 1834, he gave his note to the defendants for the sum of $225, payable in six months, in consideration of which they promised to put up iron railings in front of two certain houses in Brooklyn; and he further offered to prove that when the note came to maturity he, the plaintiff, took it up at the Brooklyn Bank, where it had been discounted, and that the defendants had not put up the railings, wherefore he claimed to recover back the money thus advanced by him. The defendants objected to the evidence on the ground that it was not admissible under the *bill of particulars* which had been served in the cause. The presiding judge overruled the objection, and the evidence was received; to which decision the defendants excepted. The plaintiff obtained a verdict, and the defendants sued out a writ of error. The *bill of exceptions* presents several questions besides the above, but the case is reported only in reference to the question arising upon the *bill of particulars*. The cause was argued here by

*J. R. Whiting*, for the plaintiffs in error.

*A. Crist*, for the defendant in error.

*By the Court*, COWEN, J. The *bill of particulars* told the defendants that the plaintiff claimed the money paid on the note of the 16th June, 1834. It calls the note by mistake an *accommodation* note; but date and parties are given, and place where and time when the money was paid. No variance in these respects was pretended. It was sufficient fairly to apprize the defendants that the plaintiff claimed to have the money he had paid on this note refunded, and the sum is truly stated at $225. That was enough, I apprehend, under the circumstances, especially in connection with the notice which had been previously left at the defendant's shop, and which in all probability reached them.

It is enough, however, at the trial, that there was no variance between the bill of particulars and the cause of action. This bill was for three different items; one of which was

for money paid generally at the Brooklyn Bank on the re-
quest of the defendants. That had been done. Under the
circumstances, the payment was, in legal effect, at their re-
quest, so as to maintain an action for money paid. Another
was the item which we have noticed, referring to the note
more particularly. It is true, the bill did not set out the spe-
cial agreement, and say that it had not been performed, or
that it had been rescinded, or that the plaintiff claimed to
have it so considered. But that was an objection arising
from want of sufficient particularity; not for variance. The
bill was true to the real cause of action, as far as it went.
Had the defendants desired that it should inform them more
particularly of the ground or reason why the money was
claimed, the only course was to obtain an order at a judge's
or commissioner's chamber for a farther bill. The trial is
not the place at which an objection for too great generality
in the bill can be made. For this purpose, as for many others,
it is considered a pleading; and if it be insufficient, a demur-
rer not lying, the rules of practice put the defendants to a
further order to remedy the defect. Take the case that a bill
is as general as the declaration; money lent, &c., money paid,
&c., money had and received, &c. It is a clear evasion of the
order; but you cannot object this at the trial. The court
may, in their practice, handle the party who furnished it
somewhat severely; and unless he shows that it was impos-
sible to be more specific, may non-pros him, or shut out his
set-off, at least, accordingly as he happens to be plaintiff or de-
fendant. Yet, if the bill were correct in speaking of the cause
of action as far as it went, it was not objectionable on the trial.
The declaration alone will in such case be regarded, and if
the proof be receivable under that, it must be let in. This
doctrine is collectable from *Goodrich* v. *James*, 1 Wendell,
289, and *Lavelock* v. *Cleveley*, 1 Holt's N. P. Cas. 552. In
the first, a motion was made to set aside the plaintiff's pro-
ceedings as irregular, because his bill was insufficient in
merely referring to a former account rendered. Suther-
land, J. said such a reference was sufficient, which I think
would allow a regard to the former notice served on the

defendants here as material on the question of sufficiency. But I do not go upon that; though I have looked over the cases, and am satisfied the bill might answer very well, even on a summons to give a more perfect one. In the case cited, the party could not interpose his objection to the bill in the form he had chosen. He was not to lay by in the way he had done, and then move to set aside the proceedings. The judge therefore added, " the party, if dissatisfied, should have obtained an order for further particulars, and had no right to consider the plaintiff in default' because he had furnished an insufficient bill." In *Lavelock* v. *Cleveley*, Gibbs, Ch. J. said, " the party who objects to the particulars as insufficient, must make his complaint at the proper time. He cannot wait till the trial of the cause, and then raise an objection, which if earlier made might have been disposed of." Had the plaintiff, in the case at bar, stated the particular circumstances in his bill, and that falsely, it would have been another matter ; as if he had departed very widely by his evidence from a material date, or called the money, as in his first item, " money lent," and stopped there. The proof then might have been said to vary. But if he had simply followed the general counts, though this has been held a contempt, it would not furnish a ground of objection at the trial.

I suspect the distinction stated may not have always been attended to ; but I am satisfied it exists in principle, as it has been sanctioned in practice, and ought not to be departed from. If the party calling for the bill thinks he has not been fully informed, or desires farther information, a judge may suspend the proceedings, and at chambers look into the matter, and require the party in default to give such farther information of particulars as may be reasonably required, and it is in his power to give. That is the place for trying the sufficiency ; in other words, the fullness and particularity. W..ether the party has gone as far as he is able in his statement, may be one question. Extrinsic circumstances are to be looked into. Therefore, the question on fullness is one which cannot be determined by the judge at the trial. He cannot know intuitively what story the party

supposed to be in default could have told about his cause of action, with safety to his ulterior course in the cause. If the bill was insufficient, therefore, it should have been objected to, at least before the trial; and, indeed before the party objecting took another step in the cause. If a party go on or lie by an unreasonable length of time, he waives all objection on account of the defect.

Judgment affirmed.