TrippE, Judge,
concurring.
Plaintiff held a claim against the three defendants as partners, amounting, principal and interest, to not quite $700 00, when Thrasher, one of the partners, paid $300 00. Plaintiff gave Thrasher a receipt for the amount so paid, reciting that it was to be credited on the claim then in the hands of his attorneys for collection, and added, that for and in consideration of said sum, “I hereby covenant and agree that the other partners shall and will duly pay the balance due on said obligation, without further cost or detriment to said Thrasher.” To a suit by plaintiff against all the partners, on the obligation, they pleaded said receipt as a discharge. They claim that the instrument given to Thrasher was a covenant not to sue him, by which *he was released, and thereby all the partners were discharged. Was this a covenant not to sue Thrasher? It was a stipulation that the other partners should pay the balance of the debt, without costs or detriment to one partner of three, who paid more than one-third of the debt. The right of the creditor to the balance was reserved, and he expressly agreed that the other partners should pay it. By this express contract with Thrasher, he had the right to demand payment of the others. The right to make this demand was of little or no value, unless he had the further right to enforce the demand. This could not be done without suit. Suit could not be brought without including Thrasher, as a defendant with the other partners. Instead, then, of this agreement being one not to sue Thrasher, *477 it would rather appear a suit was in contemplation of the parties to it,, and if so, by necessary legal implication, all that was necessary to maintain that suit was reserved. If Thrasher agreed that the creditor should collect the balance out of his co-partners, and the right to collect carried the right to institute suit, and this involved the legal necessity to include Thrasher as a party, did not his acceptance of this agreement from the creditor amount to an assent that he might be sued, instead of its being a covenant that he never should be sued. It is impossible to deny that the creditor did not intend to give up his claim or right to the balance of the debt. Thrasher knew this and assented to it. The condition was, that the collection should be made from the other partners. Here then was a right — a right acknowledged by Thrasher. For that right there must be a remedy. The remedy would include Thrasher in a suit, if a suit be necessary. To concede or assent to the right, is to concede or assent to the remedy, or rather when the right is conceded by contract, the law gives the remedy. And if the right exists by contract, surely the remedy is not taken away by implication.
In this case, there was no express stipulation that Thrasher should never be sued. It can only be claimed by implication, and an examination of the terms of the agreement shows the implication to be rather to the contrary.
*It is further claimed that this is a covenant not to sue Thrasher, because if the creditor could obtain judgment against all the partners, and the others be insolvent, he could enforce the judgment against Thrasher and collect the judgment out of him, and this would be in violation of the agreement, and thus entitle Thrasher to recover back from the creditor the same amount he has been compelled to pay, and that the law does not permit such circuity of action. I express no opinion whether all this could be done or not. But if it can be — if the creditor in this case could, after obtaining judgment against all the partners, enforce it against Thrasher, and then Thrasher recover from him, by suit, the-same amount, it would not be as great a legal absurdity as it would be a legal wrong against the creditor, to deny him all the remedy necessary to enforce the right he expressly stipulated with Thrasher he should have, to-wit: to collect the balance of his debt out of Thrasher’s partners. If, in doing this, there may be a seeming departure from the ordinary legal mode, it is on account of an express contract with Thrasher. No harm will be done, and no one can complain.
In Couch vs. Mills, 21 Wendell, 426, Nelson, Chief Justice, in holding that the instrument, sub judiceJ was not technically a release, but only a covenant not to sue, says: “That it was well settled that in the case of two or more joint obligors, it constitutes no defense to the action.” Further held that “it was intended to protect the rights of the covenantee, which may be done by a cross-action, if he suffers.”
This instrument then is not, in my opinion, a covenant not to sue. And if it were it is made with one partner, and could only *478 mean a covenant not to sue him. In Couch vs. Mills, above referred to, Chief Justice Nelson said where it is “only a covenant not to sue, it is well settled that in the case of two or more joint obligors it constitutes no defense to the action.” If it be no defense for the other joint obligors, there is as little reason for its being a defense for the other partners.
An unconditional release to one joint obligor or one partner is a release to all, for each obligor and each partner owes *the whole debt. It is a partnership debt, owed by each partner, and all the partners jointly, if that term may be used in that connection. This instrument is not a release. If it had been so intended surely more apt words to show that intention would have been used. It could not have been intended as a release, for that would have discharged the other partners. This the creditor and Thrasher are presumed to have known, and yet there is an express reservation of the right to demand the unpaid portion of the debt from the others. Courts will not be quick to construe an instrument into a release where a part only of a debt is paid, and all the debtors solvent, unless it plainly appears to be the intention of the parties. If I am right on the question that this is not a covenant not to sue, but rather the right to sue was from the whole scope of the instrument in the legal contemplation of the parties and impliedly reserved, would it not be a legal absurdity to say it is a release. It is a contradiction in terms to call that a release from a debt which, admits a continuing right to sue for that debt. The Code provides that a “bond to indemnify the debtor against his own debt” is equivalent to a release. I do hot think this instrument comes within either branch of that provision. That Thrasher may have ultimate rights under this instrument I do not deny, but in the language of Chief Justice Nelson, quoted above, they may be protected “by a cross-action if he suffer.”
The provisions of the Code on this question make no new principle. They mean just what they meant in the common law authorities whence they were taken, and I am satisfied that the construction the majority of this Court has given them is supported by a strong current of decisions made by the most eminent Judges.