[L. A. No. 881.  Department Two.—October 2, 1900.]

WARREN M. CROUSE, Administrator, etc., of Lafayette Woodward, Deceased, Appellant, v. E. W. PETERSON, Respondent.

ESTATES OF DECEASED PERSONS —SALE OF LAND—ACTION FOR PURCHASE PRICE.—The personal representative of the estate of a deceased person may maintain an action against a purchaser of land belonging to the estate, and which was bought by him at a probate sale, to recover the purchase price. The remedy provided by the probate law for a resale of the property is not exclusive.

ID.—DISCRETIONARY POWER OF SALE—ADMINISTRATOR WITH WILL ANNEXED.—A power to sell lands of the testator given by a foreign will to the executor named therein, the exercise of which is discretionary with him, does not vest in an administrator with the will annexed appointed in this state as to lands there situated, so as to validate a sale of such lands made without a prior authorization of the probate court, and for a purpose not administrative. And this is so, although by the laws of the state of the domiciliary administration an administrator with the will annexed is given the same power to sell and convey real estate that the person named in the will as the executor could have had in executing the will.

ID.—EQUITABLE CONVERSION.—In this state, the fact that the entire estate of a testator, both real and personal, is distributed as one fund does not raise any presumption of an equitable conversion of land into money.

APPEAL from a judgment of the Superior Court of San Diego County.  E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Withington & Carter, and Hahn, Belden & Hawley, for Appellant.

The power vested in the executor by the will passed to the administrator with the will annexed.  (Code Civ. Proc., secs. 1326, 1426; *Kidwell v. Brummagim*, 32 Cal. 442; *Elmer v. Gray*, 73 Cal. 284; *Cohea v. Johnson*, 69 Miss. 46; *Chambers v. Tulane*, 9 N. J. Eq. 158; *Howell v. Sebring*, 14 N. J. Eq. 89; *Giberson v. Giberson*, 43 N. J. Eq. 116; *Brown v. Armistead*, 6 Rand. (Va.)

594; *Elstner v. Fife*, 32 Ohio St. 358; *Orrender v. Call*, 101 N. C. 399; *Davis v. Hoover*, 112 Ind. 423; *Jackman v. Delafield*, 85 Pa. St. 381; *Lantz v. Boyer*, 81 Pa. St. 325; *Maus v. Maus*, 80 Pa. St. 194; *Evans v. Chew*, 71 Pa. St. 47; *Potts v. Breneman*, 182 Pa. St. 295; *Tarrence v. Reuther*, 185 Pa. St. 279; *Dent v. Maddox*, 4 Md. 530; *Keplinger v. Maccubbin*, 58 Md. 212; *Wilcoxon v. Reese*, 63 Md. 546; *Venable v. Mercantile Co.*, 74 Md. 187; *Bay v. Posner*, 78 Md. 42; *Drayton v. Grimke*, Bail. Eq. (S. C.) 392; *Robinson v. Ostendorff*, 38 S. C. 66; *Blakemore v. Kimmons*, 8 Baxt. 470; *Green v. Davidson*, 4 Baxt. 488; *Owens v. Cowan*, 7 B. Mon. 152; *Gulley v. Prather*, 7 Bush, 167; *Shields v. Smith*, 8 Bush, 601; *Peebles v. Watts*, 9 Dana, 103[1]; *Steel v. Moxley*, 9 Dana, 139; *Schroeder v. Wilcox*, 39 Neb. 136; *Green v. Russell*, 103 Mich. 638; *Farwell v. Jacobs*, 4 Mass. 634; *Blake v. Dexter*, 12 Cush. 559; *Putnam v. Story*, 132 Mass. 212; *Warden v. Richards*, 11 Gray, 277; *Parker v. Sears*, 117 Mass. 521; *Dilworth v. Rice*, 48 Mo. 124; *Evans v. Blackiston*, 66 Mo. 437.)

M. L. Ward, and E. W. Peterson, for Respondent.

TEMPLE, J.—Plaintiff's testator resided in Minnesota up to the time of his death, and in that state made his will January 31, 1889. He died February 3, 1899. The will was duly probated in Minnesota and afterward was proven, as provided by law in reference to foreign wills, in the superior court of San Diego county, and admitted to probate, and letters of administration with the will annexed were issued to plaintiff, who in due time qualified. Thereafter plaintiff, as such adminstrator, not having obtained an order of sale, entered into a contract with defendant, whereby he agreed to sell, and defendant agreed to buy, certain real estate belonging to the estate, situated in the county of San Diego. The sale was duly reported to and confirmed by the probate court of that county and the proper decrees were entered and recorded. Thereafter a deed in due form was executed and tendered to the defendant, and demand made for the balance of the purchase money, according to the contract of sale. Defendant refused to accept

---

[1] 33 Am. Dec. 531.

the deed and title or to pay, and this suit is brought to recover the purchase money still unpaid.

Defendant demurred to the complaint, on the ground that it appears upon its face "that plaintiff has no authority under the provisions and terms of the will of decedent, as set forth in said complaint, to sell or convey the property, or any portion thereof, described in the complaint." This presents the only question discussed on this appeal.

The will provided for the payment of all just debts, and gave all the property of the testator, wherever situate, to the same persons and in the same proportions as his estate would descend under the laws of Minnesota, and then follows the clause material here, to wit: "I hereby nominate, as the executor of this will, George W. Yates, on condition that he make no charge for his services as such executor; and I hereby authorize my said executor to sell, convey, or lease any of my estate for such prices and upon such terms he may think best, hereby requesting that my said executor be not required to give any bonds for the performance of his duties as such executor." This constitutes the entire will.

It is averred that the statutes of Minnesota contain the following provisions: "Every person appointed administrator with the will annexed shall, before entering upon the execution of his trust, give bond to the judge of probate, in the same manner and with the same conditions as is required of an executor, and shall proceed in all things to execute the trust in like manner as an executor is required to do; and whenever, by the terms of a will, the person (or persons) therein named as executor or executrix is empowered to sell and convey real estate, an administrator with such will annexed, appointed to execute the same, shall have the same power to sell and convey real estate that the person (or persons) named therein as executor or executrix could have had in executing said will. When all the executors appointed in a will are not authorized, according to the provisions of this chapter, to act as such, such as are authorized shall have the same authority to perform every act, and discharge every trust, required and allowed by the will; and their acts shall be as valid and effectual for every purpose as if all were authorized and acted together; and administrators

with the will annexed shall have the same authority to perform every act and discharge every trust as the executor named in the will would have had, and their acts shall be as. valid and effectual for every purpose."

The testator died seised of a large estate, consisting of real and personal property, situated in many different states and territories, to wit, Minnesota, California, Washington, Texas, territory of New Mexico, and in the republic of Mexico. There are more than one hundred devisees, living in various states of the Union, and elsewhere. Judgment for defendant was entered upon the demurrer, and plaintiff appeals.

I do not doubt that a suit of this character may be maintained, although our probate law provides a special remedy in such cases. The property might have been resold and the present purchaser held responsible if, on a second sale, enough was not realized to pay costs and the amount of the present bid. That remedy is not exclusive, and in some possible case might not be adequate. The purchaser might also have appealed from the order of the probate court confirming the sale, but did not. It is not contended here that the order of confirmation will conclude the purchaser as a judgment to which he was a party. Whether it would have any effect upon the purchaser has not been considered, and is not here determined.

Our statute provides that: "Administrators with the will annexed have the same authority over estates which executors named in the will would have, and their acts are as effectual for all purposes." (Code Civ. Proc., sec. 1326.) This statute was quite elaborately considered in *Kidwell v. Brummagim*, 32 Cal. 436, upon which case appellant very greatly relies. The case is very instructive, principally because no reason given for sustaining the power of the administrator in that case exists here.

The name of the executor in the Kidwell case does not appear in the clause or paragraph in which the power to sell is conferred upon him. "The executor of this, my last will and testament, will, within two years after my decease, sell." This circumstance has been deemed of importance, as indicating that power was conferred upon the executor as such, and not to

the person by name as one in whom the testator had special confidence. In the present will the testator in one sentence says, omitting unnecessary words: "I nominate as executor of my will, George W. Yates, on condition that he make no charge for his services, and hereby authorize my said executor to sell, convey or lease any of my estate for such prices and upon such terms as he may think best, and he is not required to give bonds."

2. The power to sell in the Kidwell case was not a mere naked power. It was coupled with trusts. It was to raise money to pay specific legacies, practically for distribution, which is plainly a purpose within the usual scope and function of an executor. In the present case there is no executorial purpose. Clearly, it was not for the purpose of distribution, for he directs his property, wherever situated, to descend according to the laws of Minnesota; and, besides, if it was to be treated as personalty and distributed in Minnesota, the direction to sell would have been mandatory and not left in the discretion of his executor to sell or lease.

3. And this brings us to the most obvious difference between the case in 32 California and the case in hand. There the sale was mandatory. All of his real estate was to be sold for the purpose of distribution. Here the executor is named and authorized to sell, convey, or lease, for such prices and upon such terms as he may think best, any portion of his estate. As it is the duty of all trustees to execute their trust in the manner which will best subserve the interest of their beneficiaries, plainly the executor was required to sell, or to refrain from selling, as in his judgment would be best for the estate. To some extent the executor is manager of the estate in the interest of the devisees, and a personal trust and confidence is reposed in him, and power given him beyond the usual scope and functions of executors. As a general rule, it has been held that such powers do not pass to the administrator with the will annexed. The rule as applied to statutes similar to ours is stated by Woerner (2 Woerner's American Administration, sec. 341): "They confer upon the administrator with the will annexed all powers given to the executor for the purpose of paying debts or lega-

cies, or both, and especially when there is an equitable conversion of land into money for the purposes of such payment or distribution, or where the power of sale is imperative and does not grow out of a personal discretion confided to an individual; but no discretionary trust or power conferred upon an executor or for a special purpose collateral to the ordinary duties of an executor or administrator, or indicating a special confidence reposed in the individual." This proposition is sustained by numerous cases cited, and particularly by the case of *Mott v. Ackerman,* 92 N. Y. 539, where previous decisions in that state are modified and the rule stated substantially as above.

It was formerly held that as land was not testamentary assets, available for payment of debts, when power to sell any portion of it was given to the executor, even to pay debts or legacies, the will simply made the named executor trustee. He either took the property in trust to sell, or was the donee of a power in trust, and in either case could exercise the trust or sell under the power, though he did not qualify as executor. And, accordingly, it was held, even under a statute somewhat similar to ours, that the power did not vest in an administrator with the will annexed. (*Conklin v. Egerton,* 21 Wend. 429.)

In that case the matter is argued at great length and with much learning by Judge Cowen, who holds that whether land be devised to the executors to sell, or the devise is that they shall sell, the power is not in them as executors, but as trustees, and they may execute the power whether they qualify or not. Many American cases are cited to the same effect, and this was evidently the doctrine of the English courts. (Sugden on Powers, 139.)

This view of the matter was never tenable in this state, where real and personal property descend by the same rule, and the power of administrators and executors extends alike to both. It has not been generally adopted in other states, and has been practically reversed in New York by the case of *Mott v. Ackerman, supra,* and other cases. The trend of decision now is to construe powers vested in an executor as held *virtute officii* when it is possible to do so. Still the rule quoted from Woerner is universally recognized. The power to pass to the adminis-

trator *cum testamento annexo* must be for an administrative purpose, and not to execute a collateral trust.

The trouble with the plaintiff's case is, however, that the sale authorized is at the discretion of the named donee of the power to make or not, and the sale is not for an administrative purpose. We cannot presume that the sale was to pay debts. Such a presumption has been indulged in favor of creditors where real estate cannot be resorted to for payment of debts, except as provided in a will. Nor does the fact that the estate of the testator, both real and personal, is distributed as one fund raise any presumption of an equitable conversion of land into money, as was held in *Potts v. Breneman,* 182 Pa. St. 295. Whatever presumption could arise in Pennsylvania from the fact that a testator bequeathed his estate as one fund, making no distinction between personal property and land, it is of no significance here, where both species of property descend by the same rule, and the executor and the probate court have the same control over each.

Appellant cites numerous cases which he contends sustain the proposition that the power will pass to the administrator even when it is discretionary. When, although the direction to sell is imperative, discretion is given as to the time of sale, or the terms, or price, undoubtedly the power passes to the administrator *cum testamento annexo.* Many cases upon this subject are cited in a note to *Giberson v. Giberson,* 43 N. J. Eq. 117.

Among the numerous cases cited I find none which give any color to the contention of appellant, except *Shields v. Smith,* 8 Bush, 601, and that case, when carefully examined, is of little, if any, value as an authority.

It was provided by a statute of Kentucky that in the case of the death of one of several executors the survivor "may sell the land which the will directs or devises to the executor, or to another person, to be sold, or gives discretionary power to sell," etc. By a subsequent section it was enacted, in substance, that an administrator with the will annexed shall possess all the power and authority given to the executors therein named, or any of them. The court construed this act to mean that the administrator *cum testamento annexo* had all the power con-

ferred upon executors by the previous section. Thus explained, the Kentucky cases cannot be said to be at variance with the current of authorities upon the subject. We cannot consider the provisions of the statute of Minnesota incorporated into the will, except as to such powers as are within the usual scope of an administration of an estate by an executor; nor by such construction can we provide a trustee to execute a power given by the testator to a named person because of peculiar confidence reposed in him.

Notwithstanding the *dicta* in many cases, it is manifest that such statutes cannot be considered in all cases as though the language had been actually inserted by the testator in his will. Had the language been in the will it would naturally imply that the administrator with the will annexed should act as trustee of the testator even in collateral trusts. Under the rule above cited the statute has reference only to such trusts as are properly executorial.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 2d of November, 1900:

BEATTY, C. J.—I dissent from the order denying a rehearing, and from the judgment.

I think it clear that under the statute of Minnesota, quoted in the opinion of the court, an administrator with the will annexed would, in that state, have had the same power of sale that was conferred upon the executor named in the will; and I think the authorities cited in the briefs sustain the proposition that the intention of the testator is to be gathered from the terms of the will as affected by the law of his domicile. That is to say, this testator must have intended that, in case of the refusal or failure of his nominee to act as executor, or of his ceasing to act, the administrator *cum testamento annexo* should exercise the power of sale, and that not only in Minnesota, but wherever his property was situated.