(44 Misc. Rep. 424.)

### FALLER v. RANGER.

(Supreme Court, Special Term, New York County. July, 1904.)

1. PLEADING—BILL OF PARTICULARS.
   Where a bill of particulars served by plaintiff is insufficient, defendant may return it with a notice of such insufficiency, but need not move for a new bill.

Action by Sophie Faller against Jessica M. Ranger. Motion by plaintiff to compel acceptance of a bill of particulars. Denied.

John Conville, for the motion.
Tison, Goddard & Brewster (Alexander Tison, of counsel), opposed.

GIEGERICH, J. The plaintiff, having been directed by an order of court to furnish a bill of particulars, served one which plainly failed to comply with the terms of the order, whereupon the defendant returned the bill, with a notice indorsed thereon that it was insufficient and irregular in not complying with the order, and further specifying in what respects it failed to so comply. A motion is now made on behalf of the plaintiff to compel the acceptance of service of the bill, the ground taken being that the remedy of the defendant was not to return the bill, but to move for a further one. The only decision cited as authority on this proposition is Barnes v. Henshaw, 21 Wend. 426, which is a case very different from the present, because there the defendant waited until the trial, and then attempted to raise objections to the sufficiency of the bill; the court saying (page 429): "He was not to lay by in the way he had done, and then move to set aside the proceedings." It is obvious that this case and the authorities therein cited dealt with the question of when the objection should be raised, and not the manner in which it should be raised. This motion, on the other hand, presents only the point of practice as to whether the insufficient bill must be accepted and the question of its insufficiency raised by a subsequent motion made on behalf of the aggrieved party, or whether it may be rejected and the burden of making a motion to test its sufficiency cast upon the plaintiff. I can see no reason why the latter

¶ 1. See Pleading, vol. 39, Cent. Dig. §§ 990, 992.

practice, here followed by the defendant, should not be approved. The only authority I have been able to find closely upon the point is Ward v. Littlejohn, 17 Civ. Proc. R. 178, 6 N. Y. Supp. 170, decided at the General Term of the Second Department, in which it was stated that the defendant could take his choice and either return the bill furnished or demand a further bill; the court saying (page 180, 17 Civ. Proc. R., page 170, 6 N. Y. Supp.): "Neither was it necessary to make a new and specific demand for further particulars. It was enough to return the bill already furnished, if it was defective, and demand that the previous order should be complied with, and a proper bill furnished, or to demand a further bill." The motion is therefore denied, with $10 costs.

Motion denied, with $10 costs.