[Civ. No. 3489. Third Appellate District.—November 25, 1929.]

M. P. BARNES, as Administrator, etc., Appellant, v. ARCH MORRISON et al., Respondents.

W. P. Rich and Busick & Leeper for Appellant.

No appearance for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment of dismissal in an action for equitable relief. The judgment was rendered after separate demurrers to the complaint had been sustained without leave to amend. The action involves a claim to growing crops, on the part of a purchaser of real property at a probate sale after he had failed to fulfill the conditions specified and notice of the termination of sale had been given.

The complaint alleges that the plaintiff is the duly appointed administrator of the estate of Amelia Disch, deceased; that the estate was possessed of farm land in Yuba County; that upon proceedings duly had this land was sold by the administrator for $40,000, and a return of said sale was regularly made to the probate court pursuant to the provisions of section 1552 of the Code of Civil Procedure; that upon the hearing of said return of sale the defendant F. E. Johnson increased the bid for the farm to $44,000, depositing on account of the purchase price the sum of $4,400; thereupon the court confirmed the sale to Johnson and directed the execution of the deed of conveyance upon pay-

ment of the balance of the purchase price; that for more than two months thereafter the purchaser failed to make the final payment of the purchase price and otherwise failed to conform to the conditions of sale; thereupon the administrator duly tendered to said purchaser a good and sufficient deed of conveyance to said land free from encumbrance and demanded payment of the balance of the purchase price, which the purchaser then and ever since has failed and refused to pay, declaring that he was financially unable to procure the money; thereupon the administrator duly notified the purchaser of his breach of the terms and conditions of sale and that the administrator for that reason elected to rescind the sale and thereupon declared a forfeiture of the $4,400 deposit; that thereafter, without the knowledge or authority of the plaintiff, the defendant Johnson wrongfully purported to lease said property to the defendant Morrison upon terms entitling him to share in the hay and bean crops which were to be produced thereon; that pursuant to said pretended lease the defendant Morrison took immediate possession of the premises and planted thereon seventy acres of beans and several acres of alfalfa hay, which crops at the time of filing this complaint were ready for harvesting and were of the value of $10,000; that the defendants are without any title or interest in said premises or the growing crops thereon, but that they claim a landlord's and tenant's interest therein, respectively, and threaten to harvest and market the same for their own benefit; that the plaintiff demanded possession of the premises and crops, which was refused; that the defendants are insolvent and that the plaintiff has no speedy or adequate remedy at law.

The complaint prayed for a decree forfeiting said $4,400 deposit, terminating the defendants' claim to said real property and the crops growing thereon, and that they be enjoined from interfering with plaintiff's right of possession and title thereto and that a receiver be appointed to harvest and market the crops and to take charge of the proceeds thereof pending the litigation.

Upon application therefor a receiver was duly appointed, but subsequently this order was rescinded and the appointment was revoked. From this last-mentioned order the plaintiff has also appealed.

Separate demurrers were filed by each defendant on the ground of uncertainty and for failure to state facts sufficient to constitute a cause of action. These demurrers were sustained and the plaintiff was denied the privilege of amending his complaint. Thereupon a judgment of dismissal was entered, from which this appeal was perfected.

We are not informed of the theory upon which the defendants support this judgment and proceeding for they have filed no points and authorities. It appears to have been assumed that equity had no jurisdiction to afford a remedy for the failure of a purchaser of real property at a probate sale to comply with the conditions of sale and that the exclusive redress was found in the necessity of petitioning the court for a resale of the property pursuant to section 1554 of the Code of Civil Procedure, which provides in part:

" . . . If, after the confirmation, the purchaser neglects or refuses to comply with the terms of the sale, the court may, on motion of the executor or administrator, and after notice to the purchaser, order a resale to be made of the property. If the amount realized on such resale does not cover the bid and the expense of the previous sale, such purchaser is liable for the deficiency to the estate."

██ Section 1554, *supra,* does not furnish the exclusive remedy for damages sustained by an estate for failure on the part of a purchaser of real property at a probate sale to fulfill the conditions of sale. The remedy provided by that section may be neither speedy nor adequate. While that section provides that in the event that a purchaser fails or refuses to comply with the conditions of sale, the court *may* order a resale of the property. This is not mandatory. Obviously, the authorization for a sale or resale of the property of an estate depends upon the needs and best interest of the estate as provided by section 1536 of the Code of Civil Procedure. ██ The formal written bid for the purchase of real property at a probate sale which is conducted pursuant to law, together with the deposit of ten per cent of the purchase price as required by law, is an acceptance of the offer to sell and constitutes a contract to purchase the property upon the terms specified in the petition for confirmation. ██ Specific performance, ejectment or any other appropriate equitable proceeding will lie for

a breach of the terms of sale. ■ The order confirming the sale does not convey the title, but merely authorizes the conveyance upon specified terms and conditions. The failure on the part of the proposed purchaser to perform the conditions constitutes a breach, which creates a liability for damages sustained.

It has been definitely held that section 1554 of the Code of Civil Procedure is not the exclusive remedy for a breach of conditions for the purchase of real property at a probate sale. Under such circumstances the personal representative of the estate may maintain an action to recover the balance of the purchase price or for specific performance. (*Crouse* v. *Peterson,* 130 Cal. 169 [80 Am. St. Rep. 89, 62 Pac. 475, 615]; *McCarty* v. *Wilson,* 184 Cal. 194, 200 [193 Pac. 578; 580].) In the case last cited it is said:

"By virtue of the right conferred by section 1554 of the Code of Civil Procedure, the property might have been resold and the present purchaser held responsible if, on the second sale, enough was not realized to pay costs and the amount of the present bid, but that remedy is not exclusive and does not prevent a resort by the executor to a suit for specific performance."

■ The defendant, having breached his agreement to purchase the property, thereby waived his title and claim thereto. As the court said in *Tuso* v. *Green,* 194 Cal. 574, at page 583 [229 Pac. 327, 330]: "Defendant had breached his contract and plaintiffs thereafter held the land freed from any claim or right of defendant thereto or therein."

■ After notice to the purchaser of his breach and his acknowledgment that he was unable to pay the agreed purchase price or fulfill the conditions of sale, his equity in the property ceased and he possessed no title, equitable or otherwise, which he had a right to lease or convey. (*Hicks* v. *Lovell,* 64 Cal. 14 [49 Am. Rep. 679, 27 Pac. 942]; *Flint* v. *Connor,* 53 Cal. App. 279 [200 Pac. 37]; *Andrews* v. *Karl,* 42 Cal. App. 513, 519 [183 Pac. 838].) His subsequent pretended lease to the defendant Morrison was therefore void.

■ The administrator was entitled to maintain an action to recover possession of the property of the estate and to relieve the estate from the burden of any claim of title on the part of the purchaser or his lessee and to declare a

forfeiture of the money which was paid on account of the purchase price. ▮ After the breach the administrator had a right to retain this deposit although the conditions of sale contained no express provision to that effect. (*Glock* v. *Howard*, 123 Cal. 1, 20 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Tuso* v. *Green*, 194 Cal. 574 [229 Pac. 327]; *Mulcahy* v. *Gagliardo*, 39 Cal. App. 458 [179 Pac. 445]; *Francis* v. *Shrader*, 38 Cal. App. 592 [177 Pac. 168].)

▮ The defendant Johnson took possession and assumed to lease the premises after he had acknowledged his inability to pay the purchase price and had been notified of the termination of the sale and forfeiture of the deposit. He had abandoned his effort to buy the property. He was therefore a trespasser and subject to eviction. Under such circumstances he acquired no title to the crops which were subsequently planted by a tenant to whom he wrongfully assumed to lease the premises on shares. In 27 Ruling Case Law, 621, section 375, it is said: "The possession (of a purchaser who has taken possession under an executory contract before the execution of the deed) . . . becomes tortious at the option of the vendor, when the purchaser disaffirms the contract, disavows the title under which he has entered, or refuses payment of the purchase money, and he then becomes liable to eviction as a trespasser." (*Hicks* v. *Lovell, supra; Flint* v. *Conner, supra.*)

Where a purchaser under an executory contract takes possession of the premises with the consent of the vendor, he has an equitable title, but where he wrongfully enters without the knowledge or consent of the vendor, he acquires no right or title thereby. The purchaser under an executory contract is the owner of crops grown upon land during the time he is rightfully in possession, but he has no title to crops which are planted after his rights have been terminated by reason of his own wrongful acts or default. (39 Cyc. 1627, sec. 8.) If as the complaint indicates the facts to be in the present case, the defendant Johnson attempted to assume control of the premises and wrongfully lease the property to a stranger on crop shares, after his default and due notice of the termination of sale and forfeiture had been given, he was a mere trespasser and acquired no right, title or interest in any share of the crops. In a

proper proceeding the estate was entitled to recover possession and control of the real property and the growing crops, together with the proceeds of the sale thereof. If the lessee, Morrison, had previous knowledge or was possessed of facts which charged him with constructive knowledge of the purchaser's default and notice of termination of his rights under the executory sale, Morrison could acquire no better title to the crops than his lessor possessed. Under such circumstances his occupancy would be unlawful and his lease invalid. In 2 Underhill on Landlord and Tenant, 1322, section 776, it is said: "If a subtenant knows that the lessor has no title or that his title will be terminated before the crops mature, he sows the crop at his own risk."

If the lessee planted the crops in good faith without either actual or constructive notice of the lessor's wrongful conveyance, he would have his remedy against the lessor.

 Where crops are planted by a trespasser who wrongfully assumes to hold possession and threatens to harvest and market the crops for his own benefit, the appointment of a receiver is authorized in an appropriate proceeding. (Sec. 564, Code Civ. Proc., subd. 1; 22 Cal. Jur. 444, sec. 24; *Borges* v. *Dunham,* 169 Cal. 83 [145 Pac. 1011].) The ground upon which the trial court vacated the order appointing the receiver was that the complaint failed to state a cause of action. We are of the opinion that the complaint stated sufficient facts to constitute a valid cause of action warranting the equitable relief prayed for.

The order revoking the appointment of the receiver was erroneous and is therefore reversed. The judgment of dismissal is also reversed and the trial court is directed to overrule the demurrers and permit the defendants to answer.

Jamison, J., *pro tem.,* and Finch, P. J., concurred.