216 P.2d 949

**HUNTER v. CLAWSON et al.**

No. 7612.

Supreme Court of Idaho.

April 7, 1950.

H. V. Creason, Rupert, Beckwith & Langley, Twin Falls, for appellant.

Lawrence H. Duffin, Rupert, Irwin Clawson, Salt Lake City, Utah, for respondents.

KEETON, Justice.

Plaintiff, appellant here, is the executor of the estate of W. E. Hunter, deceased, having been appointed by the Probate Court of Minidoka County, by an order dated October 10, 1947. This action was brought by him to adjudicate the rights of the plaintiff under a probate sale of real estate to the defendant Clawson.

The complaint alleges ownership by the plaintiff, as such executor, of some 2700 acres of land located in Lincoln County. During the probate proceedings, the land in question was sold in different parcels on contract, by the executor, to the defendant Clawson, for a total consideration of $28,000.00, payable part down, and the balance in installments spread over a period of five years. No part of the purchase price has been paid.

The complaint alleges failure to execute notes and security as required by the order of confirmation, default in payment of the sums due, and in every "provision, term and condition of each and all of said sale contracts, and the orders of confirmation on his [Clawson's] part to be performed". It further alleges that said defendant, and his tenant Newcomb, are in possession of all of the said real property; that growing on the premises is a quantity of potatoes, planted by the tenant; that the defendant Clawson is insolvent; that plaintiff has demanded possession of the land and one-fourth of the potatoes, which demand has been refused; that defendant Clawson has forfeited his rights and interest in the real estate and is not entitled to the possession of the same; and prays for

a decree awarding the plaintiff the right to possession of the real estate in question, and a decree that the defendants have no right, title or interest in or to any part of the same; for the appointment of a receiver and for other relief.

To the complaint the defendant Clawson demurred on the grounds that the complaint did not state a cause of action, and "that the court has no jurisdiction of the subject matter of the action", and on numerous grounds of ambiguity and uncertainty.

Hearing on the demurrer and motion for appointment of a receiver was had on the 14th day of November, 1949, and the court entered an order sustaining the demurrer and dismissing the action, the order in part as follows:

" * * * the court being fully advised in the premises and having duly considered the same and the court finding that it has no jurisdiction to vacate, set aside or rescind the orders of the probate court as set forth in said complaint, and having announced said finding in open court, and the plaintiff having waived his right to amend;

"Now, Therefore, It Is Hereby Ordered that said demurrer be and the same is hereby sustained, and said action dismissed as to the defendant Julion Clawson."

From this order and judgment of dismissal plaintiff appealed.

No ruling was made as to the merits of other questions raised by the demurrer, the trial judge predicating his order of dismissal on the sole ground of lack of jurisdiction.

The respondent contends the district court lacked jurisdiction of the subject matter because it involved probate matters, which are within the exclusive jurisdiction of the probate court. The appellant on the other hand contends that a determination of the rights of the parties does not come within the probate court's exclusive jurisdiction.

The question therefore to be determined is: when a sale of land is made by an executor in a probate court proceedings, and the order and contract of sale have been breached by the vendee, whether or not the executor, or administrator as the case may be, is limited to the remedy provided by Sec. 15-720, I.C., which among other things provides: "If, after the confirmation, and prior to distribution, the purchaser neglects or refuses to comply with the terms of the sale, the court, on motion of the executor or administrator, and after notice to the purchaser, may vacate the order of confirmation and order a resale to be made of the property. If the amount realized on such resale does not cover the bid and the expenses of the previous sale, such purchaser is liable for the deficiency to the estate."

Pertinent provisions of the constitution and the statutes conferring jurisdiction on the district court are:

Art. 5, Sec. 20, Idaho Constitution: "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law."

Sec. 15-803, I. C.: "Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates."

Sec. 5-401, I.C.:
"Actions for the following causes must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial, as provided in this code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest and for injuries to real property."

"2. * * *."

"3. * * *."

Art. 5, Sec. 21, Idaho Constitution, conferring jurisdiction on the probate court in probate matters is not in conflict with Sec. 15-803, I.C., supra. This constitutional provision confers jurisdiction in probate matters, the statute is procedural. Further, Sec. 15-803, I.C. clearly furnishes the procedure.

Sec. 1582, Kerr's Codes of Civil Procedure, Cal., prior to amendment, now Sec. 573, Deering's Probate Codes of California, amended 1931, read the same as our present code, Sec. 15-803, I.C.

The California statute, Sec. 788, Deering's Probate Codes of California, provides the same procedure as Idaho Statute, Sec. 15-720, I.C., supra. Under these provisions of the California Code, the Supreme Court of California held that the procedure provided therein is not exclusive, and that an executor or administrator may elect to prosecute his action under the general statute conferring procedural jurisdiction on the Superior Court. Sec. 573, Deering's Probate Codes of California.

In the case of McCarty v. Wilson, 184 Cal. 194, 193 P. 578, 580, an action was brought in the Superior Court of California by an executor on a contract for the sale of real property, seeking specific performance. Contention was made that the remedy sought should have been prosecuted in the probate branch of the court. The Court said: " * * * the property might have been resold and the present purchaser held responsible if, on the second sale,

enough was not realized to pay costs and the amount of the present bid, but that remedy is not exclusive, and does not prevent a resort by the executor to a suit for specific performance."

In the case of Crouse v. Peterson, 130 Cal. 169, 62 P. 475, 615, 80 Am.St.Rep. 89, an action was brought to recover the purchase price of land sold by an administrator. One of the argued questions was whether or not the remedy should have been sought in the probate proceedings. The Court said, 62 P. at page 476: "I do not doubt that a suit of this character may be maintained, although our probate law provides a special remedy in such cases. The property might have been resold, and the present purchaser held responsible if on a second sale enough was not realized to pay costs, and the amount of the present bid. That remedy is not exclusive, and in some possible case might not be adequate. The purchaser might also have appealed from the order of the probate court confirming the sale, but did not."

In the case of Barnes v. Morrison, 102 Cal.App. 152, 282 P. 986, an action was brought against the purchaser at a probate sale making claim to crops due to breach in the contract of sale and to decree a rescission of the contract and a forfeiture. Contention was made that the matter should have been brought in the probate proceedings. The Court said, 282 P. at page 988: "Section 1554, supra [now Sec. 788, California Probate Procedure, same as Sec. 15-720, I.C.] does not furnish the exclusive remedy for damages sustained by an estate for failure on the part of a purchaser of real property at a probate sale to fulfill the conditions of sale. The remedy provided by that section may be neither speedy nor adequate. While that section provides that, in the event that a purchaser fails or refuses to comply with the conditions of sale, the court *may* order a resale of the property. This is not mandatory. Obviously, the authorization for a sale or resale of the property of an estate depends upon the needs and best interest of the estate as provided by section 1536 of the Code of Civil Procedure. The formal written bid for the purchase of real property at a probate sale which is conducted pursuant to law, together with the deposit of 10 per cent. of the purchase price as required by law, is an acceptance of the offer to sell, and constitutes a contract to purchase the property upon the terms specified in the petition for confirmation. Specific performance, ejectment, or any other appropriate equitable proceeding will lie for a breach of the terms of sale. The order confirming the sale does not convey the title, but merely authorizes the conveyance upon specified terms and conditions. The failure on the part of the proposed purchaser to perform the conditions constitutes a breach, which creates a liability for damages sustained." and further

held a voidable sale of a decedent's real estate may be set aside in equity in a proceedings for that purpose.

▮▮ In the case at bar the vendor had an election of remedies. He could, at his option, proceed under Sec. 15-720, I.C., supra. This remedy, however, is not exclusive and the plaintiff had a right to proceed in the district court. The remedy provided in proceedings in the probate court under the facts alleged here is neither speedy nor adequate and for the reasons above stated, the district court has jurisdiction of the subject matter.

In the case of Wolter v. Dixon, et-al., 29 Idaho 26, 157 P. 250, a similar proceedings was initiated in the district court. While the question of jurisdiction was not raised, this Court decided the issues on the merits.

See also, Swinehart v. Turner, 38 Idaho 602, 224 P. 74.

Other matters argued by the respondent in his brief we conclude are matters of defense, and do not go to the jurisdiction of the court.

The order and judgment are reversed, and the cause remanded with instructions to the trial judge to reinstate the action for further proceedings. Costs to appellant.

HOLDEN, C. J., and GIVENS, PORTER and TAYLOR, JJ., concur.